| 9   73<br>|121   370|

No. 17.—BARNARD BRADY, plaintiff in error, *vs.* THOMAS DAVIS, jailor, defendant.

[1.] A warrant to arrest a person accused of crime, *before* indictment, must specify the offence and the authority under which it is issued—the person who is to execute it and the person to be arrested; and the warrant of commitment must describe the offence plainly and fully, and the time and place of its commission.

[2.] A bench warrant and a warrant of commitment, *after* indictment, are sufficient, if they recite the fact of indictment and describe the offence generally.

Motion to discharge on writ of *habeas corpus.* Decided by Judge HILL, at Chambers, June 5th, 1850.

The plaintiff in error, being confined in prison in Troup County, sued out a writ of *habeas corpus,* and on the hearing, the jailor showed, as authority for his detention, a bench warrant and the mittimus of the magistrate, and further stated, in his return, that the offence with which prisoner was charged, was "peddling without a license." Both the warrant and mittimus stated the offence simply as a misdemeanor, founded on the special presentment of the Grand Jury of Troup County. Neither stated the particular misdemeanor, or the time and place when and where committed.

Brady *vs.* Davis.

The plaintiff in error, by his counsel, moved for a discharge on two grounds—

1st. Because it appeared that the prosecution was not in accordance with that portion of the Statute prescribing the method of proceeding in such cases—there being no affidavit as required by such Statute.

2d. Because neither the crime of which the prisoner was accused, nor the time and place when and where such crime was committed, were plainly and clearly set forth in either the warrant of arrest or the mittimus, and the arrest and imprisonment of the prisoner was illegal.

The Court overruled the motion, and ordered the prisoner to be recommitted, on failure to give bond and security, in the penalty of $400

To which decision, counsel for the defendant excepted, and assigned error.

Hill, for plaintiff in error.

Stephens, for defendant.

*By the Court.*—Nisbet, J. delivering the opinion.

It does not appear, as claimed by counsel for the plaintiff in error, that the prosecution, in this case, was instituted under the Act of 1824. If it did, it would be still a matter of doubt, whether a person is not liable to presentment for the offence created by that Act. It is not worth while, however, to discuss that question, because the Act of 1845 creates the offence with which the plaintiff in error is charged, to wit: peddling without a license. That Act makes such peddling a *misdemeanor*, and prescribes no form of procedure. The Grand Jury may, therefore, present for that offence. The first ground of error is not sustainable. *Acts of* 1845, *page* 36.

Nor do we think the second ground well founded. The objection to the warrant is, that it does not plainly and clearly set forth the offence, and the time and place when and where it was

committed. The same objection is made to the mittimus. This was a bench warrant, issued by the Circuit Judge. It is founded on a *special presentment* of the Grand Jury of Troup County. It recites that the plaintiff in error was presented at the May Term, 1850, for the offence of a misdemeanor. The mittimus recites the same facts following the warrant.

[1.] A warrant issued before indictment must specify the offence charged—the authority under which it issues—the person who is to execute it, and the person to be arrested. 1 *Russell on Crimes,* 618. And it is necessary that the mittimus or warrant of commitment set forth the particular species of crime alleged against a party with *convenient certainty.* This, for several reasons, but chiefly, that if the party be brought up for discharge or bail on *habeas corpus,* the Court may be enabled to judge whether or not he be guilty of the offence charged. 11 *Stra.* 304, 318. 2 *Wils.* 158. *Cro. Jac.* 81, '2, *Hawk. b.* 2, *c.* 16, §16. 1 *Hale,* 584. 2 *Ibid,* 122. 2 *Inst.* 52. 14 *East.* 70, '2, '3. 1 *Chitty's Cr. Law,* 90. Our own Statute requires that the offence, and time and place of committing it, shall be *plainly* and *clearly* set forth in the warrant of commitment. *Prince,* 616. Such is the law as to warrants *before* indictment.

[2.] But *these* warrants are *after* presentment or indictment; they stand upon different ground. If the accused, after indictment, is in Court or in custody, as soon as convenience admits, he is arraigned and put upon his trial; if not, *process* must issue to bring him into Court. It is · so called, because it *proceeds* or issues forth, in order to bring the defendant into Court to answer, and signifies the writs or judicial means by which he is brought in; and that proceeding, which, *before* indictment, is called a warrant, is, *after* the indictment found, called process. Its object is simply to bring the accused into Court, and when so brought in, he is retained by bail or commitment. Every Court which, by law, can hear and determine offences, can issue process to bring the accused in to answer. At Common Law, in cases of misdemeanors, the bench warrant could issue to bring the accused in during the assizes, and after the sessions, upon the appli-

cation of the prosecutor, the clerk was bound to grant a certificate of the indictment having been found, upon which any Judge of the King's Bench, or Justice of the Peace of the County, would grant a warrant.    By Statute of 48 *Geo. III.* the power to issue the warrant is extended to all offences under the grade of treason and felony.    Our Superior Courts, having jurisdiction to hear and determine in criminal cases, upon Common Law principles, and by statute, may, after indictment, issue the process called a bench warrant, to bring the defendant into Court.    1 *Chitty,* 276, 280.    The warrant, in this instance, and the mittimus, do not recite that an indictment has been found; but that does not vary the principles which apply to this case.    They recite that the Grand Jury did, at the term of the Court designated, find a special presentment against the plaintiff in error, for a misdemeanor.    This presentment differs from an indictment only, in its being, in the first instance, taken by the Grand Jury.    It is in the nature of instructions for the indictment, and when delivered into Court, it is the duty of the State's officer to make out an indictment thereon, to which, without further inquiry by the Grand Jury, the accused must answer.    1 *Chitty's C. L.* 134. It is equivalent to an indictment for the purpose of bringing the accused into Court.    The law presumes that the State's officer has done his duty, and that the indictment has followed the presentment.    The process is based, in all such cases, upon the presentment.    *That* must be as full as the indictment itself, for the defendant cannot be indicted but according to the presentment.    By the presentment, as by the finding of a true bill in other cases, the defendant is already found, *probably,* guilty.    Now, the presentment being in Court, upon *that,* the Court, cognizant of its own records and files, can issue the process to bring the accused to trial.    Considering, then, the ground upon which, and the object for which it issues, it is alone necessary that the process should recite the presentment and the crime *generally.*    The specifications as to time and place, and the description of the offence, is in the presentment and indictment; or if not, the defendant cannot be convicted.    And if the defendant

is committed, the warrant of commitment need only follow the bench warrant.

Let the judgment be affirmed.