## BONNER *vs.* THE STATE OF GEORGIA.

In a criminal case the prisoner has the right to be present in person throughout the trial. Therefore, for the judge to re-charge the jury while the prisoner was absent and in confinement, although his counsel may have been present and kept silent, was error.

Criminal Law. Practice in the Superior Court. Before Judge WILLIS. Muscogee Superior Court. May Term, 1881.

The plaintiff in error was indicted for the murder of Dennis Grannison. There were two counts in the bill of indictment. One, for causing death from a blow with a brick, the other, for throwing deceased into the water and drowning him. The plea was not guilty. The verdict was guilty of voluntary manslaughter. The plaintiff in error made a motion for a new trial; the motion was refused, and he excepted.

W. F. WILLIAMS; W. A. LITTLE, for plaintiff in error.

THOS. W. GRIMES, solicitor-general, by M. H. BLAND-FORD, for the State.

JACKSON, Chief Justice.

Without scanning this entire record, we are of the opinion that a new trial must be granted, on the ground that the court erred in recalling the jury and recharging them at their request, in the absence of the defendant, who was at the time in custody and confinement, though his counsel were present, but silent.

The presence of the prisoner is necessary to his legal trial from the beginning to the end of that trial before the jury. 12 *Ga.*, 25. And such was the rule and practice at common law. Wharton's Crim. Plead. and Prac., 540 *a*, 545, 546, 549, 550.

Counsel for the state conceded that the law required it, but insisted that the evidence before the circuit judge, which induced him to certify that this ground of the motion for a new trial was true in fact—that is, that he did charge in the absence of the prisoner, who was in confinement at the time, should be also before this court; and that evidence not being in the record, the point could not be heard here. We cannot think so. If the judge certifies any ground taken in the motion for a new trial to be true in fact, this court receives that certificate as true, cer-

tain beyond cavil, conclusive; and it will not enquire on what proof he was satisfied of its truth. It is quite certain that the court below will take care of itself, and only certify any facts which make a charge of error upon indubitable assurance.

It matters not to this court whether what he certifies was made certain to him by affidavits, or by admission of the parties, or by his own observation. It is enough that his mind is satisfied of the truth of the ground taken, and that he so certifies in the record.

Judgment reversed.