HENRY *et al. vs.* McDANIEL, governor.

Where a person enters into two recognizances for his appearance, one to answer an indictment for false swearing by affidavit, the other to answer an indictment for forging an affidavit, both recognizances may be enforced by judgment of forfeiture, whether the indictments relate to one and the same affidavit or not. Appearance of the accused is preliminary to the question of his actual guilt or innocence of either charge.

December 5, 1887.

Bonds. Forgery. False swearing. Practice in superior court. Before Judge BROWN. Milton superior court. February term, 1887.

Reported in the decision.

W. M. SESSIONS and HULSEY & BATEMAN, for plaintiffs in error.

GEO. F. GOBER, solicitor-general, *contra*.

BLECKLEY, Chief Justice.

There were two indictments against the same man, one for false swearing and the other for forgery. On each of these a recognizance was given by the same obligors, in the same sum, on the same day. Default of appearance occurred, and proceedings were taken for forfeiture. On return of the writs of *scire facias*, defence was made in one of the cases, the one relating to false swearing; which defence was put upon the ground that the same affidavit involved in that indictment was the subject-matter of the indictment for forgery. The substance of the objection was, that one and the same affidavit could not be a forgery and also embody a false oath actually taken. The court went into evidence upon the question as to whether there was one affidavit only, or two; and after hearing the evidence, overruled the defence and rendered a judgment of

forfeiture in each case ; and one of these judgments is the subject-matter of the present writ of error.

We hold that, where two indictments are pending against the same individual, one for false swearing and the other for forgery, whether predicated on the same affidavit or not, the party must comply with the terms of both recognizances ; and the question as to his guilt or innocence in either case is not involved upon the hearing of a *scire facias* to forfeit his recognizance. Whether a man be innocent or guilty, if he stands indicted and enters into a recognizance for his appearance, he must appear ; it would be altogether premature and irrelevant to enter into the question of his guilt or innocence upon the preliminary matter of his appearance. No question was raised on the legal sufficiency of either indictment. The judge decided correctly ; and that, too, altogether irrespective of the extrinsic evidence that was heard and considered. Upon the face of the proceedings, no other judgment than one of forfeiture could have been rendered in either case.

Judgment affirmed.