## TILLER *v.* THE STATE.

1. It was error, in the trial of a criminal case, to permit the solicitor-general to proceed with his argument to the jury while the accused was absent and confined in jail, he not having been admitted to bail. This is true although the presiding judge was not actually aware of the prisoner's absence, it not appearing that any waiver of his presence, express or otherwise, had been made either by himself or his counsel. Because of such error, a new trial should be granted.

2. In such a trial it was error to allow the introduction of hearsay evidence of messages alleged to have been sent to another person by the accused, and which in their nature tended to show the latter's guilt of the crime with which he was charged.

3. Although one of the contentions of the accused was that the crime was committed by other persons, it was error to permit a witness for the State to testify that he had neither seen nor heard anything whatever indicating that those persons had any connection with the perpetration of this offense, and had not found anything to confirm his suspicion of their guilt.

July 29, 1895.

Indictment for murder. Before Judge REESE. Oglethorpe superior court. April term, 1895.

HAMILTON MCWHORTER, for plaintiff in error.

J. M. TERRELL, attorney-general, and W. M. HOWARD, solicitor-general, *contra.*

LUMPKIN, Justice.

1. The rule that one on trial for a criminal offense is entitled to be personally present at every stage of the

proceedings, is too well settled to require argument or
the citation of authority. This rule, both in England
and in this country, is so well recognized by the stand-
ard text-writers and by judicial decisions in an almost
unbroken line of cases, that its existence cannot now be
seriously called into question. It cannot be doubted
that the argument of counsel is a stage of the proceed-
ings, for the trial is not concluded until after the verdict
has been received and recorded. The importance of
this particular stage as affecting the accused is obvious,
it being a matter of vital concern to him to see and hear
everything done and said both for and against him as
the trial progresses. When the accused is on bail, and
therefore in control of his own movements, he may, by
voluntarily absenting himself from the court-room, be
deemed to have waived his right to make any objection
to the validity of the trial because of his absence. In
the case of Commonwealth v. McCarthy, recently de-
cided by the Supreme Court of Massachusetts, 40 N. E.
Rep. 766, it was held that when a person on trial for
felony, who was on bail, voluntarily absented himself
without leave when the jury retired to consider the case,
and remained absent, the verdict rendered in his absence
was binding upon him. But Knowlton, J., who deliv-
ered the opinion of the court, distinctly stated the gen-
eral rule we have above announced, and in support
thereof cited numerous authorities, which, as already in-
timated, might be multiplied indefinitely. The case is
altogether different when the accused has not been ad-
mitted to bail, but is confined in jail, and therefore in
the strictest sense a prisoner whose movements are ab-
solutely controlled by the court. In the case with which
we are now dealing, the accused was such a prisoner.
Assuming his right to be present while the solicitor-
general was arguing the case to the jury, and the ac-
cused being then absent, though the presiding judge was

not actually aware of this fact, the real question is: Did the failure of counsel for the accused to call the attention of the court to the fact that the accused was not present constitute a binding waiver by or for him of his undoubted right to be present?

It does not appear from the record that the counsel knew of the prisoner's absence; but granting that he had such knowledge, or is chargeable with it, could his mere silence be held sufficient to constitute such a waiver? We think not. In the case of *Bonner* v. *State*, 67 *Ga.* 510, this court held that in view of the right of the prisoner in a criminal case to be present in person throughout the trial, it was error for the judge to re-charge the jury while the prisoner was absent and in confinement, although his counsel were present and kept silent. This case is, in principle, directly applicable to the case at bar, because the argument to the jury was a matter of great importance, and of almost, if not altogether, as much concern to the accused as the charge of the court. We therefore are of the opinion that it was a duty devolving upon the judge himself to see to it that the accused was brought from jail to the court-room, before allowing the argument to proceed; and the omission to perform this duty is of sufficient gravity to require the granting of a new trial. We do not mean to say that the duty of seeing that his client was present did not also rest upon the counsel; but his failure in this respect should not relieve the judge of giving the proper attention to this matter, he being primarily, and above all others, responsible for the regularity and lawfulness of the trial.

2. The motion for a new trial complains of the introduction of certain evidence. Without setting it forth, it is enough to say this evidence was manifestly hearsay, and tended to show the guilt of the accused in respect to the crime with which he was charged. It was there-

fore clearly inadmissible, and ought not to have been received.

3. By way of rebutting the case made against him by the State's evidence, the accused sought to show that the crime was committed by other persons; and in this connection, introduced testimony tending to show a motive on their part for committing it. To meet this contention by the accused, the State introduced a witness who, it seems, had undertaken, for reasons of his own, to investigate the question whether these other persons were guilty or not guilty of this crime; and the court, over the objection of counsel for the accused, erroneously permitted this witness to testify that he had neither seen nor heard anything whatever indicating that these persons had any connection with the perpetration of the offense, and had not found anything to confirm his suspicions as to their possible guilt. In other words, the opinions of this witness, resulting from a private investigation made by himself, were allowed to go to the jury. While it would have been entirely proper to permit the witness to testify to relevant facts within his knowledge, it was for the jury, and not for him, to say what conclusions should be drawn from the same.

We have dealt with the principal questions presented for our consideration; and without intimating any opinion as to the merits of the case, are satisfied that it should undergo another investigation.

*Judgment reversed.*