### WELLS *et al. v.* TERRELL, Governor.

1. The waiver of arraignment must be the equivalent of the thing waived, and be made under such circumstances as will serve the purpose of the law in requiring the formality.
2. As one of the purposes of arraignment is to identify the person on trial and raise an issue by plea, it is legally impossible to arraign the defendant, accept his waiver, or receive a plea in his absence.
3. It is universally held that a defendant in a felony case can not be arraigned or plead in his absence. There is nothing in the Penal Code to suggest that there is any difference in this respect as to trials for misdemeanors, where the punishment may be by fine or imprisonment.
4. Where, therefore, one indicted for simple larceny was absent when the case was called, and his counsel offered to enter for him a plea of guilty, this afforded no defense in a proceeding to forfeit bail.
5. If the greater offense named in the bond includes the smaller offense named in the indictment, or if the smaller offense named in the bond forms an element of the greater offense named in the indictment, or if the two offenses contain a common element, the security will in either case be required to produce the body of his principal to answer to the indictment.
6. The prisoner gave bond to answer for the offense of larceny from the person. This required the bail to produce the body of the defendant to answer the indictment for simple larceny.

Argued October 26, — Decided December 9, 1904.

Forfeiture of recognizance. Before Judge Felton. Bibb superior court. May 23, 1904.

Wells, as principal, and Morgan, as security, executed before the sheriff a bail-bond payable to the Governor of the State. It was in the sum of $500, conditioned that Wells should make his appearance before the superior court of Bibb county on the first Monday in November, 1903, and from day to day and from term to term, to answer to the offense of *larceny from the person,* or such other offense as may be returned by the grand jury as true, and shall not depart thence without leave of said court." At the November term Wells was indicted for *simple larceny.* The case being called in its order, the State announced ready. The defendant failing to appear, the bond was forfeited. Rule nisi issued, requiring him and his sureties to show cause, at the April

term, 1904, why the rule should not be made absolute.  Scire facias issued and was duly served on the security.  At the April term, 1904, the case of the *State* v. *Wells* was called, the State announced ready, and the defendant not appearing, and no answer being filed to the rule, the solicitor-general moved that it be made absolute.  Thereupon John R. Cooper, attorney for the defendant Wells, offered to waive the presence of his client, and, having authority to do so, offered to enter a plea of guilty, and to allow the court to impose a sentence on the defendant.  The defendant through his counsel then and there objected to taking judgment absolute upon the bond, on the ground that the defendant and his security were bound to produce Wells for the offense of larceny from the person, and not for simple larceny, and that the bond did not cover the indictment as returned.  These objections were overruled; and the court permitted judgment absolute, refusing to allow the defendant through his counsel to plead guilty, or to pronounce sentence upon such plea, for the reason that it had no jurisdiction to allow a plea in the absence of a defendant.  The bill of exceptions recites that the said Wells and Morgan, his security, except to these rulings of the court, and to the judgment making the rule absolute and forfeiting the bond, and to the execution issued thereon.

Cited by plaintiffs in error:  24 *Ga.* 420; 25 *Ga.* 235; 78 *Ga.* 188; 113 *Ga.* 309; 119 *Ga.* 179; 24 *Ga.* 335; 22 *Ga.* 417; 118 *Ga.* 21; 83 *Ga.* 166; 53 *Ga.* 137; 120 *Ga.* 495; 23 Cal. 158; 57 Iowa, 357; 10 N. W. 677; 48 Ala. 41; 10 Cal. 502; Clark's Crim. Proc. 98, 99.

Cited by defendant in error:  1 Bishop's Cr. Pr. §§ 265, 268, 275; 1 Curt. C. C. 433, 434; 87 *Ga.* 277; 105 *Ga.* 662; 115 *Ga.* 222, 824; 107 *Ga.* 707.

*John R. Cooper*, for plaintiffs in error. ·

*William Brunson, solicitor-general*, and *A. L. Miller*, contra.

LAMAR, J.  (After stating the foregoing facts.)  The defendant was charged with a misdemeanor punishable by fine or imprisonment.  On the call of the case he was absent; but his authorized counsel offered to enter a plea of guilty for him.  This the court refused to allow, holding that it had no jurisdiction to enter upon the trial or to receive the plea in the prisoner's absence.  The rule in the several States on the subject is not uniform.  In some

it is in express terms provided by statute that a trial for a misdemeanor may be had in the defendant's absence. Without statute some courts hold that while the defendant is never entitled to this privilege as matter of right, yet, for sickness or other good cause shown, the court may in its discretion permit one charged with a misdemeanor to be tried therefor in his absence. Others limit the right to be thus tried to those cases in which the punishment can only be by fine. And in a few cases it seems to have been held that the prisoner must be present at the time the trial on any indictment begins. Slocovitch *v.* State, 46 Ala. 227; Ex parte Tracy, 25 Vt. 93; U. S. *v.* Mayo, 1 Curt. C. C. 433, 68 Am. Dec. 320; 1 Bish. Cr. Pr. (3d ed.) § 268; Clark's Crim. Proc. 427. The English decisions are not clear on the point here involved, inasmuch as it does not appear what punishment could have been inflicted in the particular cases reported. Besides, the rulings may have been affected by the fact that at common law an arraignment does not seem to have been required in prosecutions for misdemeanor. Lynch *v.* State, 31 N. W. 348; Griffin *v.* Com., 66 S. W. 740; Salfner *v.* State, 35 Atl. Rep. 885; Johnson *v.* People, 22 Ill. 317. The question has not been passed on by this court. In *Barton* v. *State*, 67 *Ga.* 653; *Robson* v. *State*, 83 *Ga.* 167; *Hill* v. *State*, 118 *Ga.* 24, it was held that the defendant could not, by an escape or voluntary absence on bond, nullify a trial otherwise legal, and by his own act of non-attendance prevent the rendition of a verdict. But in each of those cases the defendant was present at the time the trial began. There being, therefore, no direct ruling on the subject in this State, the question must be decided on general principles as affected by the Penal Code. It is silent on the direct point here involved. But its provisions as to the formalities attending a trial, and particularly those on the subject of arraignment (Penal Code, § 946), are full of implications that the defendant must be present before the court may enter upon the trial, or accept a plea of guilty, which makes a trial unnecessary. Except in proceedings against corporations (Penal Code, § 938), and possibly in the trial of petty offenses in some municipal courts, a defendant charged with crime is not served with process. He may be arrested on a bench warrant, which in some respects is equivalent to process (*Brady* v. *Davis*, 9 *Ga.* 73); but jurisdiction of his person is not

acquired by the arrest or confinement in prison, but by his presence at the time issue is joined on the indictment. To arraign a prisoner in his absence is legally impossible. *Smith* v. *State*, 60 *Ga.* 432.

It is conceded that a trial of a felony case could not proceed without the defendant having been arraigned or made a valid waiver thereof. But there is nothing in the code which suggests that there is in this respect any difference between trials for felony and trials for misdemeanor. On the contrary it seems to contemplate an arraignment in all cases. Penal Code, § 947. This formality is intended, among other things, to cut off all question as to misnomer, and to identify the person on trial as being the one named in the indictment. Regularly this procedure requires the defendant to stand up, face the court and jury, and listen to the reading of the indictment. In answer to the clerk's inquiry whether he is guilty or not guilty of the offense charged, he orally makes his plea. This is not a mere idle ceremony, but furnishes a safe and conclusive means of identification. It permits the court, on the rendition of a verdict of guilty, to impose sentence and put the identified defendant into execution. To secure this important end it is therefore the State's right to have him present when the trial begins. Besides, this requirement prevents the prosecution from degenerating into the appearance of a mock trial before a moot court, with no one in apparent jeopardy. And while the arraignment may be expressly or tacitly waived (*Hudson* v. *State*, 117 *Ga.* 704), yet the waiver must be an equivalent of the thing waived, and be made while present and under such circumstances as will serve the purpose of the law in requiring that formality. The administration of criminal laws should be not only impartial but equal, with privileges to none not accorded to all. If one defendant, or class of defendants, may be tried without being present, so could every other person charged with a misdemeanor. To allow this privilege to one or to all would be to rob the proceedings of that serious reality which serves a wise and useful purpose. This element of impressiveness was recognized as being so important as to furnish the basis for deciding the analogous question as to whether at common law one convicted of a misdemeanor could be sentenced in his absence. If the punishment had to be by fine only, it was in the discretion of

the court whether it should be imposed without the personal attendance of the defendant. But even where the punishment would be pecuniary, it by no means followed that the fine would be imposed in the defendant's absence. For it was said that if the offense was of a public nature, the person convicted should *appear* to receive sentence, "for the sake of example and prevention of the like offenses being committed by other persons; as the notoriety of their being called up to answer criminally to such offenses would very much conduce to deter others from venturing to commit the like." Rex *v.* Hann, 3 Burrows, 1787. Nor is the suggestion in *Smith* v. *State*, 60 *Ga.* 432, a decision to the contrary. The whole gist of the argument there was to show that the defendant was actually present when sentenced, and the case did not involve a ruling as to whether in his absence it could or could not be imposed in a case of misdemeanor. Compare Penal Code, §§ 947, 943; *Henry* v. *McDaniel*, 80 *Ga.* 174; *Dennard* v. *State*, 2 *Ga.* 138; *Bryans* v. *State*, 34 *Ga.* 323. In the present case his bail contracted for the defendant's presence. This meant actual, and not constructive presence. The obligation was not met by absence; nor by a plea of guilty entered for him by another. As said by the Supreme Court of South Carolina, in State *v.* Minton, 19 S. C. 283, a case much like the present, there is "no good reason why the court should relax his obligation and make a new contract for him." See Penal Code, §§ 935, 936.

2. The security insists that the bond required the accused to answer to an indictment for larceny from the person, and that the indictment returned was for simple larceny. The State replies that, under the decision in *Lavender* v. *State*, 107 *Ga.* 707, larceny from the person included the simple larceny with which the defendant was charged, and therefore by the very terms of his bond he was bound to appear and answer such an indictment. Bail-bonds are often given before the indictment is found, and when it is impossible to know to which of several closely related crimes the particular offense applies. If the greater offense named in the bond includes the smaller offense charged in the indictment, or vice versa, if the smaller offense named in the bond forms an element of the greater offense named in the indictment, or if the two offenses contain a common element, the security will in either case be required to produce the body of his principal to

answer the indictment.    Larceny was an element both of the offense named in the bond and that charged in the indictment.    The bail was bound to produce the body of the defendant.    Compare *Adams* v. *State*, 22 *Ga.* 417 ; *Foote* v. *Gordon*, 87 *Ga.* 279.

*Judgment affirmed.    All the Justices concur.*