### 10011.  MILLS *v.* THE STATE.

On the trial of a criminal case "it is the right of the accused to be pres-
ent at all stages of the proceeding, and it is the duty of the court to
see that he is present when any charge is delivered to the jury. If
the judge recharges the jury without verifying for himself the prisoner's
presence, and it afterwards appears that the prisoner was not present
but was in an adjoining room in custody of an officer, and did not

know that the jury was being recharged and knowledge did not come to him until after such recharge was concluded, it is cause for a new trial."

DECIDED NOVEMBER 7, 1918.

Conviction of assault with intent to rape; from Early superior court—Judge Worrill. May 4, 1918.

One of the grounds of the motion for a new trial was: "Because upon the trial of said case the court erred in the following point and particular: After the jury which was empanelled to try said case had been instructed by the court and had retired to their jury-room to deliberate on said case, the defendant left the court-room in the custody of an officer of said court, crossed a corridor adjacent to said court-room, and entered a toilet, said toilet being so far removed from said court-room that he was outside of the hearing of the court, and while said defendant was so out of the court-room the presiding judge ordered the jury to be recalled, and upon their being recalled, the court, in the absence of the defendant, gave to the jury the following additional charge, to wit: 'Gentlemen of the jury, while it is not necessary to do so, I will charge the jury as to what the penalties are. The offense of assault with intent to rape is punishable by a term in the penitentiary for a period of not less than one nor longer than twenty years. Simple assault and assault and battery are both misdemeanors, and punishable by a fine or imprisonment, or else by fine and imprisonment,'—the said defendant not having waived his presence in any way; which charge, made in his absence from the court-room, movant insists is error, for the reason that the court had no right or authority to instruct the jury in the absence of the defendant from the court-room, the defendant not having waived his presence." After approving the grounds of the motion, the judge added the following note: "The jury was called back in a few moments after the main charge. They had hardly had time to be well seated. If defendant was absent from the court-room his absence was voluntary, and the court was wholly unconscious of the fact, no notice having been given the court of his intention to retire from the court-room. The court believed he was present, and, had the court's attention been called to the fact that defendant was out of the court-room, would not have given any part of the charge in his absence. The presentation of this amendment this morning is the first notice on my part that defendant claimed

to have been absent at any part of the court's instruction to the jury."

*Park & Stone,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold,* contra.

BLOODWORTH, J. (After stating the foregoing facts). The constitution of the State of Georgia provides that "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both." Art. 1, sec. 1, par. 4; Civil Code (1910), § 6360. This paragraph of the constitution has been given a liberal construction in behalf of persons being tried for violations of the criminal laws of the State, and it has been frequently held by our Supreme Court that a defendant has the right to be present "at every stage of the proceedings." We have failed to find a single case in either this court or the Supreme Court in which the reviewing court has not granted a new trial on account of the absence of the accused, where he was absent under circumstances similar to those in this case, and where there was not a waiver of his presence, or he was not on bond and voluntarily absent. In the decision in *Lyons* v. *State, 7 Ga. App.* 50 (66 S. E. 149), we find the following: "It can not be questioned that the defendant had a right to be present during the whole of the trial and until the rendition of the verdict. This is a right so clearly and generally established that we deem it unnecessary to cite any authority. In some jurisdictions it is held that this right is limited to cases of felony, but the Penal Code of this State makes no distinction in this respect between felonies and misdemeanors. The accused has the right in *all* criminal cases to be present during the entire trial, not only in person, but also by his counsel. Constitution of Georgia, art. 1, sec. 1, par. 4. 'The presence of the counsel was no substitute for that of the man on trial. Both should have been present.' *Bonner* v. *State,* 67 *Ga.* 510; *Martin* v. *State,* 51 *Ga.* 567; *Wilson* v. *State,* 87 *Ga.* 584 (13 S. E. 566). 'The great point is that the accused and his counsel have the right to be present at every stage of the proceedings and personally see and know what is being done in the case.' *Bagwell* v. *State,* 129 *Ga.* 172 (58 S. E. 650)."

In the case of *Bagwell* v. *State,* cited above, Chief Justice Fish said: "It has been frequently held by this court that it is the right of the accused charged with a felony to be present at

every stage of his trial, including his arraignment or waiver thereof (*Wells* v. *Terrell,* 121 *Ga.* 368, 49 S. E. 319) ; reading to the jury notes of the evidence taken by the court (*Wade* v. *State,* 12 *Ga.* 25) ; the argument of counsel for the State (*Tiller* v. *State,* 96 *Ga.* 430, 23 S. E. 825) ; during the charge of the court (*Hopson* v. *State,* 116 *Ga.* 90, 42 S. E. 412, and cit.) ; and at the rendition of the verdict (*Nolan* v. *State,* 53 *Ga.* 137, s. c. 55 *Ga.* 521, 21 Am. R. 281; *Barton* v. *State,* 67 *Ga.* 653). In *Wade's* case, supra, the court, after the jury had retired to consider the case, had them recalled to the court-room and read over to them, in the absence of the accused, the written testimony as taken down by the court. In the opinion rendered Judge Warner said: 'This was clearly error. The court has no more authority, under the law, to read over testimony to the jury, affecting the life or liberty of the defendant, in *his absence,* than it has to examine the witnesses in relation thereto, in his absence. The defendant has not only the right to be confronted with his witnesses, but he has also the right to be *present,* and see and hear all the *proceedings* which are had against him on the trial before the court. It is said the presumption must be that the court read over the testimony correctly, and read over all that was delivered against the defendant; therefore he was not injured. The answer is, that it was the *legal right* and *privilege of the defendant,* to have been *present in court* when this proceeding was had before the jury in relation to the testimony delivered against him; and he is to be considered as standing upon *all his legal rights,* waiving none of them.' In *Hopson* v. *State,* supra, it was held: 'Recalling a jury in a criminal case, who had retired to consider of their verdict, and, in the absence of the accused and his counsel and without their consent, giving a second charge, is cause for a new trial, even though this charge be the same, in substance, as that which had been delivered in the first instance.' Mr. Presiding Justice Lumpkin, in the opinion rendered in that case, said: 'Nor does the fact that the 'recharge' was, in substance, the same as the original charge dispense with the necessity for ordering a new trial. The great point is that the accused and his counsel have the right to be present at every stage of the proceedings and personally see and know what is being done in the case. To say that no injury results when it appears that what occurred in their absence was regular and

legal would, in effect, practically do away with this great and important right, one element of which is to see to it that what does take place is in accord with law and good practice.' "

The case of *Wilson* v. *State*, 87 *Ga.* 583, (13 S. E. 566), is almost an exact counterpart of the case under consideration. The opinion in that case was written by Chief Justice Bleckley, and is as follows: "The sixth ground of the motion for a new trial complains that the court recharged the jury without notifying defendant and in his absence, although his counsel was present. It appears from the record that the judge did not know whether the accused was present in the court-room or not when the recharge was delivered, and that the fact was that he was in an adjoining room in the custody of an officer, not knowing that the jury was being recharged, and knowledge did not come to him until after the recharge was concluded. Whether his absence from the room was voluntary or by compulsion, we think the court should not have recharged the jury in his absence. He was in the custody of an officer, and whether the officer took him to an adjoining room with or without his consent, it seems to us, made no difference. There is nothing to indicate that it was his intention to be absent when any material step was to be taken in the trial; and before taking such a material step as recharging the jury, we are of opinion that the court should have seen and known that he was present, verifying the fact, if necessary, by ocular demonstration. The presence of the counsel was no substitute for that of the man on trial. Both should have been present. *Bonner* v. *State*, 67 *Ga.* 510; *Wade* v. *State*, 12 *Ga.* 25; *Martin* v. *State*, 51 *Ga.* 567."

Under these decisions we cannot say that the charge was immaterial and harmless; for the reply is that the defendant has the right to be present at every stage of the trial from arraignment to verdict.

*Judgment reversed. Broyles, P. J., and Harwell, J., concur.*