## WILLIAMS *v.* THE STATE.

1. The court did not err in excluding from evidence, upon motion of the State's counsel, the testimony of a witness tending to show particular acts of marital infidelity on the part of the decedent, the wife of the accused, whom it is alleged he had murdered.

2. Where the evidence was concluded in the trial of a felony case in the afternoon of a day of the session, and the court upon the conclusion of the introduction of evidence took a recess until the following morning, and then, not observing the absence of the prisoner, who was confined in the county jail, directed counsel to proceed with the argument, the defendant having the opening and the concluding argument, and one of the counsel for the accused, not observing the latter's absence, opened the argument and spoke for ten or fifteen minutes, at the expiration of which time he observed the absence of the prisoner and called the attention of the presiding judge to it, who immediately directed the prisoner to be brought into the court-room, suspending proceedings until the prisoner was brought in, the absence of the prisoner for the short time under the circumstances here disclosed would not entitle the accused, after a verdict of guilty was rendered, to a new trial. ATKINSON, J., dissents.

3. Sufficient evidence was adduced to authorize the verdict of guilty.

No. 2104. NOVEMBER 9, 1920.

41

642    WILLIAMS v. STATE.    (150

Indictment for murder. Before Judge Summerall. Coffee superior court. June 11, 1920.

*Joseph J. Rogers, Casey Thigpen,* and *L. E. Heath,* for plaintiff in error.

*R. A. Denny,* attorney-general, *A. B. Spence,* solicitor-general, and *Graham Wright,* contra.

BECK, P. J. Jim Williams was tried under an indictment charging him with the murder of his wife, Mattie Williams; and the jury returned a verdict of guilty, with a recommendation to mercy. The defendant made a motion for new trial, which upon the hearing was overruled, and he excepted.

1. Error is assigned, in one ground of the motion for a new trial, upon the exclusion from evidence of the testimony of a witness for the State, tending to show that on the night previous to the alleged murder the wife of the accused had been guilty of the act of adultery, the witness stating that she had seen the decedent and one Ennis McRae together in a bed at her home. There is no merit in this exception. Nor was this fact shown to have been communicated to the accused; and if it had been shown, it would have been injurious to the defendant instead of beneficial, for it would have strengthened the evidence showing motive. It could not be competent evidence to show character of the decedent, as character could not be established by proof of particular acts, even if it had been put in issue.

2. The introduction of evidence upon the trial was completed late in the afternoon of a certain day of the session, and the court then took a recess until the next morning, and when it had reconvened at the appointed time the court directed counsel to proceed with the trial. One of the counsel for the defendant opened the argument — the defendant having the opening and the conclusion, — and had spoken for some ten or fifteen minutes; in this time he had read a decision of the Supreme Court and had cited certain other authorities; but discovering that the defendant was not in court, the court's attention was called to the fact, and the prisoner was brought from the jail, where he was at that time confined. After the accused had been brought into the court-room, counsel for the defendant proceeded with his argument. Upon this incident in the trial the plaintiff in error bases his contention that the defendant was deprived of

his constitutional right to be present during all stages of the trial, insisting that the enforced absence of the defendant while he was confined in the county jail deprived the defendant of the right to be personally present at one stage of the trial of his case and entitles him to a new trial. This assignment of error is without merit. Counsel for plaintiff in error cite the case of *Tiller* v. *State,* 96 *Ga.* 430 (23 S. E. 825), where it was held: " It was error, in the trial of a criminal case, to permit the solicitor-general to proceed with his argument to the jury while the accused was absent and confined in jail, he not having been admitted to bail. This is true although the presiding judge was not actually aware of the prisoner's absence, it not appearing that any waiver of his presence, express or otherwise, had been made either by himself or his counsel. Because of such error, a new trial should be granted." And in the opinion, referring to the case of *Bonner* v. *State,* 67 *Ga.* 510, where it was held to have been error entitling the prisoner to a new trial for the judge to recharge the jury while the prisoner was absent in confinement, it was said: " This case is, in principle, directly applicable to the case at bar, because the argument to the jury was a matter of great importance, and of almost, if not altogether, as much concern to the accused as the charge of the court. We therefore are of the opinion that it was a duty devolving upon the judge himself to see to it that the accused was brought from jail to the court-room, before allowing the argument to proceed; and the omission to perform this duty is of sufficient gravity to require the grant of a new trial. We do not mean to say that the duty of seeing that his client was present did not also rest upon the counsel; but his failure in this respect should not relieve the judge of giving the proper attention to this matter, he being primarily, and above all others, responsible for the regularity and lawfulness of the trial." The two cases differ in a material point. In the case of *Tiller* v. *State,* the solicitor-general had made a part of his argument. Here the defendant's counsel spoke, and for only a very brief time, when the absence of the prisoner was observed. We can not see any possible injury to the prisoner in this. If it was at all important to the prisoner that he should have heard the argument of his own counsel, counsel could have easily restated what he had stated to the jury; and the pre-

sumption is that he had said nothing that was injurious to his own client. It is certainly an important right of the accused in a criminal case, where his life and liberty are involved, to be present at all stages of the trial; but this can not mean that if anything at all is done in his absence a new trial is required. Suppose that on the morning when this argument was begun the court had merely said, "Let the trial proceed," and then counsel for the accused, observing that his client was absent, had said to the court, "I desire while the prisoner is being brought in to make a motion to the court," and had then made some motion, such as to reopen the evidence or to rule out certain evidence which had been adduced, and the court had stated, "We will wait till the prisoner comes in." Certainly in one sense of the word something had been done in the trial and one step in the trial had been taken in the absence of the prisoner; but would any one insist that this should work a new trial upon motion made therefor? We apprehend that it would be held, in the case supposed, that counsel had waived the prisoner's presence; and, moreover, that what was said and done was not a substantial violation of the constitutional right to be present during all stages of the trial. And the facts narrated above, upon which the ground of the motion under consideration was predicated, involve no substantial deprivation of the right to be present during the trial.

3. Counsel for the plaintiff in error strongly urges that the evidence was not sufficient to authorize the conviction, and especially that there was not sufficient evidence of the corpus delicti. A careful reading of the entire brief of evidence shows there was evidence from which the jury were authorized to find that the corpus delicti had been proved and that the defendant was guilty of the offense charged.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents from the ruling in the second division of the opinion.*