### 11828.   WRIGHT *v.* THE STATE.

1. Under the particular facts of the case, the very brief involuntary absence of the defendant during his trial does not require a new trial.

2. None of the other special grounds of the motion for a new trial shows cause for a reversal of the judgment below.

DECIDED NOVEMBER 11, 1920.

Indictment for murder—conviction of voluntary manslaughter; from Lee superior court—Judge Littlejohn.   June 1, 1920.

Application for certiorari was denied by the Supreme Court.

In addition to the ground discussed in the decision, the motion for a new trial contained grounds to the effect that the court erred in not charging the law of involuntary manslaughter, in giving in charge section 73 of the Penal Code (1910), in charging the law of voluntary manslaughter (the movant contending that no theory of voluntary manslaughter was deducible from the evidence) and in confusing the law of manslaughter with the law of justifiable homicide; also in failing to instruct the jury in substance as follows: "If you believe from the evidence in the case that the deceased was a man of greater physical strength and size than the defendant, and that he was a man of violent and turbulent temperament, and that he made the first assault upon the defendant, and that the defendant was a much younger, smaller, and weaker man than the deceased, and that the deceased got hold of defendant and was holding him down and beating him over the head and

2

back with his fist or a knife, at the same time threatening to kill the defendant, the defendant, under such circumstances, would be justified in shooting the deceased, if in so doing he acted under the fears of a reasonably courageous man that the deceased intended to carry his threats into execution." On this subject the court charged the jury as follows : " The jury have also the right, in passing upon the case and determining the issues in the case and the guilt or innocence of the defendant, to take into consideration any testimony, if they find any testimony has been introduced, in regard to the relative size or strength of the defendant or the deceased, in passing upon the issues in the case."

W. G. *Martin,* R. R. *Forrester,* for plaintiff in error.

Jule *Felton,* solicitor-general, contra.

BROYLES, C. J.    The first headnote alone needs elaboration. The motion for a new trial and the qualifying note of the judge show the following facts: The accused was on trial for murder and was in the custody of the sheriff. All the evidence had been introduced and the defendant's statement made before the noon recess of the court. During the recess the defendant was placed in jail by the sheriff, and through oversight the sheriff failed to bring him back in the court-room when the court reconvened. During the defendant's absence the following occurred: The jury were brought in and argument ordered to proceed. The solicitor-general announced that he would waive his opening argument, whereupon counsel for the accused insisted that the solicitor-general should state his contentions in the case. The solicitor-general then arose and stated to the jury : " Gentlemen, I will not read you any law, but will contend in my concluding argument that under the testimony in this case the defendant should be found guilty." At this point the attention of the court was called to the absence of the defendant, and the proceedings were immediately suspended until the defendant was brought in — which was done within two minutes. When the court reconvened after the noon recess the judge noticed a negro sitting where the prisoners usually sit, and did not detect that he was not the defendant until his attention was directed to it.

It has repeatedly and uniformly been held by this court and the Supreme Court that upon a criminal trial the accused has a constitutional right to be present at every stage of the proceedings

from his arraignment or waiver thereof to the rendition and record-ing of the verdict; and in many cases new trials have been ordered because of the involuntary absence of the accused during some stage of his trial. In *Mills* v. *State,* 23 *Ga. App.* 14 (97 S. E. 825). Judge Bloodworth carefully collated a number of such cases. In all of those cases, however, something important and of vital interest to the defendant's cause occurred during his absence, such as charging or recharging the jury, reading testimony to the jury, the argument of counsel for the State, or the rendering of the verdict. The case most nearly like the instant case is *Tiller* v. *State,* 96 *Ga.* 430 (23 S. E. 825). There, however, the solicitor-general proceeded with his argument while the defendant was in-voluntarily absent, while in the present case the brief statement to the jury made by the solicitor-general in the absence of the de-fendant could not properly or reasonably be called an " argument." It amounted to no more in substance than a statement that the argument of the State would be made after the argument of counsel for the accused; and even this brief statement was made at the request of the defendant's counsel. This statement of the solicitor-general, made in the absence of the defendant, was not important or vital to the latter's cause, and it is obvious that he was not injured thereby and that there was no substantial violation of his constitutional right to be present during every stage of his trial.

It is true that in several decisions of this court and of the Supreme Court it is declared that in such cases it is immaterial whether or not the accused was injured by what occurred during his absence — since he had an undoubted right to be present during every stage of his trial. These sweeping expressions, however, ex-cept as applied to the particular facts of those cases, are clearly obiter, and therefore are not binding in cases where the facts are somewhat different, and we cannot agree that they are correct in *all cases* where the defendant is involuntarily absent for a brief period during his trial. We concede that the accused has an undoubted right to be present during every minute or second of his trial and to see and hear everything that there transpires, but we do not think that a mere technical violation of this right in every instance, where it is clear that no injury to him results, requires a new trial. Suppose, for example, in this case, the judge had re-convened the court after the noon recess, had the jury brought

into their box, and ordered the argument to proceed, but, before one word had been said by counsel for either side, had noticed the absence of the accused and had suspended all proceedings until he was brought in, would any court, under such circumstances, hold that a new trial was demanded? And yet the defendant had an undoubted right to be present at the reconvening of the court, to see the jury file into their box, and to hear the judge order the argument to proceed. The real answer is that under those particular facts there was no substantial violation of the defendant's constitutional rights, and another trial was not required. We have been cited to no decision, and have been unable to find one, where a new trial was ordered because of the brief involuntary absence of the accused during his trial under circumstances identical in degree with those of this case, and we do not feel inclined to extend the rule laid down in previous decisions. The present tendency of the reviewing courts is to refuse to set aside the judgment of the trial court in such cases unless it appears that there was a *substantial* violation of this constitutional right of the defendant. In a recent decision of the Supreme Court (*Williams* v. *State,* 150 *Ga.* 641, 104 S. E. 776) it was said: "It is certainly an important right of the accused in a criminal case, where his life and liberty are involved, to be present at all stages of the trial; but this cannot mean that if anything at all is done in his absence a new trial is required. Suppose that on the morning when this argument was begun the court had merely said, 'Let the trial proceed,' and then counsel for the accused, observing that his client was absent, had said to the court, 'I desire, while the prisoner is being brought in, to make a motion to the court,' and had then made some motion, such as to reopen the evidence or to rule out certain evidence which had been adduced, and the court had stated, 'We will wait till the prisoner comes in.' Certainly in one sense of the word something had been done in the trial and one step in the trial had been taken in the absence of the prisoner; but would any one insist that this should work a new trial upon motion made therefor. We apprehend that it would be held, in the case supposed, that counsel had waived the prisoner's presence, and, moreover, that what was said and done was not a substantial violation of the constitutional right to be present during all stages of the trial."

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*