## STATE v. SUTTER.

No. 4664. Decided March 29, 1928. (266 P. 265.)

*F. W. James,* of Salt Lake City, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *L. A. Miner,* Asst. Atty. Gen., for the State.

HANSEN, J.

The defendant was found guilty by a jury of the crime of being a persistent violator of the provisions of the laws of this state prohibiting the manufacture and use of intoxicating liquors. He was sentenced to serve an indeterminate term in the state prison as provided by law. This appeal is prosecuted to reverse the judgment.

Comp. Laws Utah 1917, § 3345, as amended by chapter 66, Laws Utah 1919, as amended by chapter 10, Laws Utah 1925, so far as material here, provides:

"Any person convicted of violation of any of the provisions of this title shall be deemed guilty of a misdemeanor. * * * A person having once been convicted of a violation of any of the provisions of this title, except section 3361, who thereafter violates the provisions thereof, shall be considered a persistent violator of this title, and shall

be deemed guilty of felony, * * * and the said prosecuting attorney shall at the trial of such second or subsequent offense, introduce in evidence a certified copy of any or all such prior judgments of conviction, which shall be sufficient evidence of such prior convictions."

The state offered evidence tending to establish the following facts:

In June, 1927, the defendant was arrested for having possession of intoxicating liquor. When taken to the police station of Salt Lake City he gave his name as Jim George. Thereafter a complaint was filed in the city court of Salt Lake City charging Jim George with the possession of intoxicating liquor. On June 15, 1927, a plea of not guilty was entered to the complaint and trial set for June 22, 1927. On about June 16, 1927, the defendant and one Tom Glezos came to the office of the prosecuting attorney for Salt Lake City and stated that the defendant in the case of Salt Lake City v. Jim George desired to enter a plea of guilty; that the defendant in this action stated that his relative Tom Glezos would pay the fine. On June 18, 1927, the prosecuting attorney for Salt Lake City appeared in the city court and informed the judge thereof that Jim George desired to withdraw his plea of not guilty and enter a plea of guilty in the case wherein Salt Lake City was plaintiff and Jim George was defendant. The prosecuting attorney also recommended that a fine of $75 be imposed. Thereupon the judge of the city court directed that the defendant pay a fine of $75, or, in default of the payment of the fine, he serve 30 days in jail. Tom Glezos paid $75 to the clerk of the court. No evidence was offered tending to show that James Sutter was ever in the city court, or that he was arraigned or entered any plea to the complaint except the purported plea of the attorney for Salt Lake City.

Comp. Laws Utah 1917 provides:

Section 8861: "If the information or indictment is for a felony, the defendant must be personally present: but if for a misdemeanor, he may appear upon the arraignment by counsel."

Section 8900: "A plea of guilty can be put in only by the defendant himself, in open court, unless upon information or indictment against a corporation, in which case it may be put in by counsel. The court may at any time before judgment upon a plea of guilty permit it to be withdrawn and a plea of not guilty substituted."

It will be observed that in the case of Salt Lake City v. Jim George, relied upon by the state to show a former conviction of a violation of the prohibition laws of this state by the defendant, James Sutter, no plea of guilty was entered in open court by anyone who purported to be the defendant in that action.

Defendant also offered to show that the plea of not guilty entered in the case of Salt Lake City v. Jim George was entered at the request of the attorney for Jim George and not for the defendant in this action. The proffered evidence in this respect was rejected and its rejection is assigned as error.

It is a general rule in felony cases that a plea of guilty cannot be put in by anyone except the defendant himself. A different rule has often been applied in the case of a misdemeanor in the absence of a statute requiring the plea to be made by the defendant personally. 1 Bishop, New Crim. Pro. § 268, p. 234; 1 Wharton, Am. Crim. Law, § 530, p. 337; 16 C. J. § 735, p. 401. It is clear that under the provisions of Comp. Laws Utah 1917, §§ 8861 and 8900, supra, an attorney for a defendant charged with a misdemeanor may appear for and represent his client at the arraignment, but the attorney may not put in a plea of guilty for his client where such client is a natural person. Much less may an attorney for the plaintiff in such case put in a plea of guilty for the defendant. In this state there is no distinction between the manner of putting in a plea of guilty to a misdemeanor as distinguished from a plea of guilty to a felony. Our attention has not been called to any decision upholding a conviction on a plea of guilty where such plea is entered by one who is expressly prohibited by law from putting in the same.

On the contrary it has been held that a plea of guilty to a misdemeanor not put in by the defendant personally is not binding even though the defendant may have authorized such plea. *People* v. *Welsh*, 88 App. Div. 65, 84 N. Y. S. 703; Ex parte Jones, 46 Tex. Cr. R. 433, 80 S. W. 995; *State* v. *Coston*, 113 La. 717, 37 So. 619; Wells v. Terrel, 121 Ga. 368, 49 S. E. 319. The wisdom of the Legislature in requiring that no one except the defendant himself in open court may enter a plea of guilty is well illustrated by the confusion which is revealed by the record in this case. Had the defendant in the case of Salt Lake City v. Jim George appeared in open court and entered a plea of guilty, there would probably have been much less difficulty in identifying the person who the state claims was convicted in that action. In such case there would be no question of the authority of any one to represent the defendant in that action and we would not be confronted with the anomalous situation of an attorney for the plaintiff entering a plea of guilty for a defendant. We are of the opinion that the provisions of Comp. Laws Utah 1917, § 8900, are mandatory.

As no verdict of guilty was rendered and no person purporting to be the defendant in the case of Salt Lake City v. Jim George put in a plea of guilty in open court, it follows that no one was convicted of any crime in that action. It was therefore prejudicial error to instruct the jury in this case that:

"You are instructed that it is proven by the evidence that on the 18th day of June, 1927, in the city court of Salt Lake City, before John H. Morgan, one of the judges of said court, that in the case entitled *State of Utah* v. *Jim George*, the person who was the defendant in that case, whomsoever he may have been, was convicted and a judgment was that day rendered by said judge in said court that said person called Jim George was guilty of having possession of intoxicating liquor, contrary to the statute."

Evidently in the foregoing instruction the court had in mind the case entitled Salt Lake City v. Jim George.

It is contended on behalf of the defendant that the evidence in this case is insufficient to support a verdict finding the defendant guilty of the possession of intoxicating licquor. The state's evidence tends to show that on the evening of June 21, 1927, the defendant went to a garage located on the northwest corner of Seventh South and Main street, in Salt Lake City; that he unlocked the garage door, went into the garage, and relocked the door from the inside; that he then went to a keg and began, by means of a syphon, to draw some of the liquid contained in the keg into a container which the defendant brought with him into the garage. Before any liquor had been transferred from the keg into the other container the defendant's operations were interfered with by police officers. The keg contained intoxicating liquor. A somewhat different version was given by the defendant. The state's evidence, if believed by the jury, was sufficient to sustain a conviction.

Complaint is also made that the trial court did not instruct the jury as to what constitutes possession. As the gravamen of the charge here made against the defendant in possession of intoxicating loquor, we are of the opinion that the court should have instructed the jury as to what constitutes possession.

The judgment is reversed, and the cause remanded to the trial court, with directions to grant a new trial.

THURMAN, C. J., and CHERRY, STRAUP, and GIDEON, JJ., concur.