23222. PIERCE *v.* THE STATE.

DECIDED NOVEMBER 11, 1933.

*D. W. Mitchell,* for plaintiff in error.
*John C. Mitchell, solicitor-general,* contra.

MACINTYRE, J. All the morning had been consumed with the taking of the evidence in this case, and argument was to be made during the afternoon session. Being unable to give bond, the defendant was taken to the county jail by the sheriff during the noon recess. When court convened after the noon hour the sheriff had not brought the defendant back to court. Counsel for the State opened the argument and was proceeding to address the jury, when defendant's counsel discovered his client's absence, and immediately moved for a mistrial "upon the ground that the defendant was not in court, and that he was entitled to be present at all stages of his trial." The judge sent to the jail for the prisoner, and, when the prisoner arrived in court, said to the jury: "Gentlemen, inadvertently it was overlooked that the prisoner was not here when counsel just now started the argument. The prisoner is now here. Anything that counsel may have said, of course, would be disre-

garded by you, and counsel will begin at this point and continue the argument. Go ahead."

The prisoner was in jail, and, at least as to his absence from his trial, his movements were controlled by the court. He was a prisoner in the custody of an officer. He could not control his own movements. The court was actually not aware of the defendant's absence. The trial was progressing. The associate counsel for the State was arguing his case to the jury. Discovery was made that the defendant was still detained in jail. Some one had erred, for the prisoner was entitled to be present at all stages of the trial. Argument of counsel to the jury is a stage of the trial. Would the fact that the State's counsel had been arguing the case only about two minutes (as stated in the note of the trial judge) take this case out of the rule that the defendant had the right to be present at all stages of the trial, it not appearing that any waiver of his presence, express or otherwise, had been made either by himself or his counsel? We think not. The record is silent as to what argument was made during the defendant's absence. Statements could be made in such argument by counsel that might be materially injurious to the defendant. We can not say that the defendant's constitutional right was not violated. Art. 1, sec. 1, par. 4, of the constitution of Georgia (Civil Code (1910), § 6360). We think that the right to be present at all stages of the trial ranks among the defendant's most substantial rights. It ranks next in importance to, if not on a par with, his right to be presumed to be innocent until proved guilty. We think this case is controlled by the case of *Tiller* v. *State,* 96 *Ga.* 430 (23 S. E. 825). See also *Chance* v. *State,* 156 *Ga.* 428, 432 (119 S. E. 303) ; *Lyons* v. *State,* 7 *Ga. App.* 50 (66 S. E. 149) ; *McCurry* v. *Rome,* 17 *Ga. App.* 147, 151 (86 S. E. 399) ; *Mills* v. *State,* 23 *Ga. App.* 14 (97 S. E. 408) ; *Frank* v. *State,* 142 *Ga.* 741, 753 (83 S. E. 645, L. R. A. 1915D, 817). The facts of the cases of *Williams* v. *State,* 150 *Ga.* 641, 643, (104 S. E. 776), in which Justice Atkinson dissented, and *Wright* v. *State,* 26 *Ga. App.* 17 (105 S. E. 163), differentiate them from the case at bar. "The presence of counsel was no substitute for that of the man on trial. Both should have been present." *Wilson* v. *State,* 87 *Ga.* 583, 584 (13 S. E. 566). We therefore hold that the trial judge committed reversible error in overruling the motion for a mistrial.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*