ELBERT MARTIN, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

When a jury, on the trial of a criminal case, have retired to consider of the verdict, and have been called back by the court to be recharged, it is the right of the defendant to have his counsel present, and he does not lose this privilege unless by a clear and distinct waiver thereof.

Criminal law. Jury. Practice in the Superior Court. Before Judge HILL. Bibb Superior Court. April Term, 1873.

Martin was placed on trial for the offense of simple larceny. He pleaded not guilty. The jury found to the contrary. He moved for a new trial upon the following, among other grounds:

"Because the court erred in recalling the jury from their room, after they had been charged with the case, and after they had been out over two hours considering their verdict, and giving them a second charge in the absence of defendant's counsel and without his consent, and by this second charge may have caused the conviction of the accused."

The presiding judge refused to certify the ground aforesaid for the reason that he understood the solicitor general to say that counsel for the defendant had waived everything, or he would not have recalled and recharged the jury.

The solicitor general stated that when counsel for defendant was about to leave the court-room, while the jury were out, he understood him to say that he waived everything.

Counsel for defendant stated that he only waived the polling of the jury and the reception of the verdict in his absence.

The court required counsel for defendant to strike the afore-said ground from the motion, to which defendant excepted.

The motion for a new trial was overruled, and defendant excepted.

The judge certifies that counsel for defendant was absent from the court-room at the time the jury was recharged without leave.

LYON & IRVIN, for plaintiff in error.

CHARLES J. HARRIS, solicitor general, by JOHN RUTHERFORD, for the state.

TRIPPE, Judge.

It is true the court required the prisoner's counsel to strike from his motion for a new trial the ground that the jury were called back after they had retired, and were again charged by the court in the absence of defendant's counsel. But it still appears from the record that this was the fact, and the reason assigned for striking this ground was that the court understood the solicitor general to say, to-wit: that counsel for defendant had waived everything. Counsel for defendant denied this, and stated what he did waive, which was "the polling of the jury and the reception of the verdict in his absence." There was then a misunderstanding between the counsel for the state and the defendant. Should that mistake or disagreement cause the forfeiture or loss to the defendant of his right to the benefit of counsel during one of the most important portions of his trial, the charge of the court to the jury? The constitutional guaranty that "every person charged with an offense against the law shall have the privilege and benefit of counsel," should be strictly guarded and preserved. So deeply grafted in our practice has this great right become that none are so low or so poor but that they may rely upon it. If it be so that they are unable to retain counsel, the courts will appoint counsel for them, without charge to the defendant. The same duties and responsibilities rest upon counsel thus appointed as if they received the fullest pecuniary com-

Martin vs. The State of Georgia.

pensation. Nor does the fact that a defendant is thus repre-
sented lessen his right to have his counsel present at all stages
of his trial.

It is said that under the rule we hold in this case, courts
might be embarrassed in the administration of justice, that
cases could not be conducted with certainty to a conclusion if
counsel for a prisoner could stop the trial by wilfully absent-
ing himself from the court-house. To this objection it may
be replied that courts are armed with plenary authority to en-
force the discharge of duty on the part of all their officers.
And, besides, a fitting and proper penalty on derelict coun-
sel in the case supposed, they could, in cases when the neces-
sity arose, require the defendant to procure other counsel, or
make the appointment for him. If the absence of counsel
resulted from a cause which would be a good ground for
continuance, and it would not be proper to substitute other
counsel, it were better that there should be a continuance,
or at least a temporay postponement, than that one not skil-
led in the law, and who was largely ignorant of his le-
gal rights, and perhaps totally ignorant of the practice on
which those rights rested, should lose a privilege, the value of
which cannot be estimated, and which the organic law says
shall not be taken from him. So, in this case, it would not
probably have taken much time, possibly a few minutes, to
have secured the attendance of defendant's counsel, or had
that been impossible, other counsel might have been chosen
by the defendant or appointed by the court. An effort in
that direction would have been proper. As this important
privilege was lost to the defendant in this case, and at a criti-
cal stage of the trial, through a mistake of the state's counsel,
at least it is positively so stated by defendant's counsel, and
doubtless the court was misled by it, we think that there
should be a new trial.

Judgment reversed.