## BRYANT & LOCKETT *vs.* SIMMONS.

[Jackson, C. J., did not preside in this case, on account of providential cause.]

After the evidence had closed, the arguments had been completed, and the jury had been charged with the case and retired for consultation, the court took a recess until the next morning, at the same time remarking that he would receive the verdict, if it was agreed upon at any time before eleven o'clock that night. The jury not agreeing, the judge, during the recess, and before eleven o'clock that night, in the absence of the parties on one side and their counsel, and without their consent, had the jury brought into the court-room, and delivered another charge to them on the main points in the case:

*Held*, that this was error, and will necessitate a new trial. The announcement of the court was notice that nothing more would be done in the case during the recess than to receive the verdict, and parties had the right to act upon this and absent themselves. 1 *Ga.*, 200; 1 Pick., 337; 124 Mass., 567; 8 Ohio St., 210.

Judgment reversed.

October 2, 1884.

BLANDFORD, Justice.

---

## HAWKINS *et al. vs.* GIBSON, SON & COMPANY.

1. Where one agreed to consign goods to another, who was to sell them on commission or per cent, so that they should net the consignor certain prices, and when sold the amount thus charged was to be paid over to the consignor within —— days, or deposited in a named bank, the meaning of such contract was that the money was to be paid within a reasonable time, or such time as the parties might thereafter agree upon. Therefore, where the consignee made a note with a surety thereto, and deposited it as a collateral security for the performance of this contract, the fact that, after the consignee was in default, the consignor took from him several promissory notes due at different times for the amount of his indebtedness, and also a mortgage to secure the same, did not release the surety on the collateral note.

2. The other questions in this case were decided when it was formerly before this court, as reported in 69 *Ga.*, 354.

Judgment affirmed.

November 11, 1884.

BLANDFORD, Justice.