## WILSON *v.* THE STATE.

On a trial for murder, it is the right of the accused to be present at all stages of the proceeding, and it is the duty of the court to see that he is present when any charge is delivered to the jury. If the judge recharges the jury without verifying for himself the prisoner's presence, and it afterwards appears that the prisoner was not present but was in an adjoining room in custody of an officer, and did not know that the jury was being recharged and knowledge did not come to him until after such recharge was concluded, it is cause for a new trial.

July 13, 1891.

Criminal law. Murder. Practice. New trial. Before Judge BOYNTON. Monroe superior court. August term, 1890.

Reported in the decision.

A. D. HAMMOND, for plaintiff in error.

EMMETT WOMACK, solicitor-general, *contra*.

BLECKLEY, Chief Justice.

The sixth ground .of the motion for a new trial complains that the court recharged the jury without notifying defendant and in his absence, although his counsel was present. It appears from the record that the judge did not know whether the accused was present in the court-room or not when the recharge was delivered, and that the fact was that he was in an adjoining room in the custody of an officer, not knowing that the jury was being recharged, and knowledge did not come to him until after the recharge was concluded. Whether his absence from the room was voluntary or by compulsion, we think the court should not have recharged the jury in his absence. He was in the custody of an officer, and whether the officer took him to the adjoining room with or without his consent, it seems to us, made no difference. There is nothing to indicate that it was his intention to be absent when any material step was to be taken in the trial; and before taking such a material step as recharging the jury, we are of opinion that the court should have seen and known that he was present, verifying the fact, if necessary, by ocular demonstration. The presence of the counsel was no substitute for that of the man on trial. Both should have been present. *Bonner* v. *State*, 67 *Ga*. 510; *Wade* v. *State*, 12 *Ga*. 25; *Martin* v. *State*, 51 *Ga*. 567.

There was error in not granting a new trial on this ground of the motion. *Judgment reversed.*