## ROBERSON v. THE STATE.

1. Even if certain statements which were attributed to the defendant were of such character as would make them amount to a confession, the mere failure to instruct the jury as to the law of confessions, in the absence of an appropriate request, is no cause for the grant of a new trial.

2. Under the special facts of this case, it was not ground for new trial that the judge repeated his instructions to the jury as to the different forms of the verdict authorized to be rendered, in the presence of the defendant but during the voluntary absence of his counsel.

(a) Certain former cases distinguished and modified in so far as anything said in them may be in conflict with the ruling here announced.

3. In the light of the evidence and the entire charge, the remaining grounds of the motion for new trial, as approved by the judge, were without merit, nor were they of such character as to require further discussion.

FEBRUARY 14, 1911.

Indictment for murder. Before Judge Martin. Dodge superior court. June 25, 1910.

*J. H. Roberts*, for plaintiff in error. *H. A. Hall, attorney-general*, and *E. D. Graham, solicitor-general*, contra.

ATKINSON, J. Elwood Roberson and Anna Hendley were indicted for the murder of Fayette Hendley. Elwood Roberson was tried and found guilty by a jury, without recommendation. He moved for a new trial, the motion was overruled, and he excepted.

1. One ground of the motion for new trial complained that the court erred in failing to charge the jury upon the subject of confessions. There was no request by the accused or his counsel to charge upon that subject. There was evidence as to certain inculpatory statements which the defendant made. In the judge's note of approval of this ground of the motion for new trial it was stated that the court charged upon the subject of incriminating statements. There is a substantial difference between confessions and incriminating statements. *Weaver* v. *State*, 135 *Ga.* 317 (69 S. E. 488). Even if the statements attributed to the accused were sufficient to amount to a confession, the mere failure to instruct the jury on the law of confessions, in the absence of an appropriate request, is not cause for the grant of a new trial. *Pierce* v. *State*, 132 *Ga.* 27 (63 S. E. 792).

2. Another ground of the motion for new trial complained as follows: After the jury had been charged and retired to the jury-room for consideration of the case, and the court had taken a recess for supper, and after supper the jury were brought back in response

to a request for a recharge, one of the jurors inquired of the court, "In case we find the defendant guilty and recommend mercy, have we got to place a sentence on the verdict or not?" Whereupon the judge, in the absence of defendant's only counsel, proceeded to instruct them on the form of their verdict. It was insisted that this was reversible error, because it was the defendant's constitutional right to be present by counsel, and that he had not waived that right, and that the instruction by the court delivered to the jury in absence of counsel was the delivery of such additional charge as amounted to a violation of the defendant's constitutional right. In approving this ground of the motion the court certified, that the charge was concluded just at supper time, and the judge directed that the jury be carried to supper, and stated in open court that court would again convene after supper, and instructed that the jury be carried to the jury-room when they had eaten supper; that these instructions were carried out, and the judge returned to the court-room at the time designated, to await the verdict of the jury, and after waiting on the jury until bedtime, the judge had the jury called in to ascertain whether they should be kept in the jury-room longer, or whether they should be sent to the room where they slept, and, in order to ascertain this fact, asked the jury if they had agreed or were likely to agree, when one of the jury asked the question stated above, and the judge replied by stating: "I give you these three forms of verdict again," and then gave the forms, but no other instructions. At the time the defendant was present in the court-room, but his counsel was not, and had no leave of absence. The official stenographer of the circuit was present, and fully reported what was said and done.

Unquestionably, one accused of crime has the right to be present throughout his trial, and to be represented on such trial by counsel. But the facts revealed by the recitals in the foregoing ground of the motion for new trial, and the certificate thereto by the judge, do not show such deprivation of the right of the defendant to be represented by counsel as would entitle him to a new trial. The prisoner was in court, and his counsel was voluntarily absent from the court-room without leave of the judge. *Barton* v. *State,* 67 *Ga.* 653 (44 Am. R. 743) ; *Robson* v. *State,* 83 *Ga.* 166 (9) (9 S. E. 610) ; *Tiller* v. *State,* 96 *Ga.* 430 (23 S. E. 825). This differs from the cases where the judge misled counsel or parties so as to permit them to

leave the court in reliance upon an announcement that nothing would be done but to receive a verdict, and where some important. step in the trial was taken in addition thereto. *Bryant & Lockett* v. *Simmons,* 74 *Ga.* 405. It also differs from the cases where the prisoner was in jail, or in the custody of an officer of the law, and his absence was involuntary. *Bagwell* v. *State,* 129 *Ga.* 170 (58 S. E. 650). In *Wade* v. *State,* 12 *Ga.* 25, the prisoner and his counsel were both absent, and the court called in the jury and read to them notes of the evidence which he had taken down. In *Martin* v. *State,* 51 *Ga.* 567, counsel for the accused left the court under an agreement with the solicitor-general as to what would be done in his absence, and the court was probably misled 'by reason of a misunderstanding between counsel as to the agreement, and called the jury back and recharged them on the general law of the case. In *Hopson* v. *State,* 116 *Ga.* 90 (42 S. E. 412), in the absence of the accused and his counsel, after the jury had considered the case for some hours (and, as appears from the record, the court had entered upon the trial of another case), the judge recalled the jury and substantially repeated his entire charge to them. In so far as anything said in those cases or others following them conflicts with what is ruled in the present case, they are modified accordingly.

3. There were other grounds of the motion for new trial, but, in the light of the evidence and the entire charge as approved by the judge, they were not meritorious, nor of such character as to require discussion or further statement.

*Judgment affirmed. All the Justices concur.*.