## 13674. HOLMES v. THE STATE.

Where no recommendation as to the punishment was made in a verdict of guilty, it was not cause for a new trial that the judge, in charging the jury as to their right to recommend that the accused be punished as for a misdemeanor, failed to inform them that the recommendation could be disregarded.

Failure to charge the jury, without request, on the law as to confessions was not cause for a new trial.

The verdict was not unsupported by evidence.

DECIDED JULY 25, 1922.

Larceny of hog; from Camden superior court — Judge Highsmith. May 4, 1922.

*Cowart & Vocelle,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general,* contra.

BLOODWORTH, J. 1. The accused was indicted for hog stealing, a felony. The jury returned a verdict of guilty, but did not recommend that the accused be punished as for a misdemeanor. The judge charged the jury that if they should find the defendant guilty, and desired to do so, they could recommend that he be punished as for a misdemeanor. This is alleged to be error because the judge "failed, in the same connection or elsewhere in his charge, to inform the jury that such a recommendation, to be effective, would have to meet the approval of the judge, and could be disregarded by him if made." Under the verdict returned by

the jury this error was harmless. In *Swain* v. *State,* 15 *Ga. App.* 445 (83 S. E. 462), Judge Wade said (p. 451) : "As suggested in *Taylor* v. *State,* 14 *Ga. App.* 492 (81 S. E. 372), where a defendant is convicted of a felony and the jury recommends that he be punished as for a misdemeanor, ordinarily (and in fact in any case where the guilt of the accused is not established by unequivocal and convincing testimony) it might be reasonably assumed that the jury were perhaps influenced in reaching a verdict of guilty by the instruction that they might recommend as for a misdemeanor, and hence might find the defendant guilty, *with* such a recommendation, where they would not have done so had they been informed by the judge that the recommendation would be ineffectual unless approved by him. Where the jury declined to recommend, after being plainly informed of their right to do so, we do not think the defendant could have suffered any harm from the failure to instruct the jury that the recommendation would only be effective if approved by him; since the jury were thus left to believe that their recommendation would be binding *without the approval of the court,* and nevertheless declined to exercise the clemency which they *might* therefore have inferred was absolutely in their power; and it is apparent from this fact that they not only did not desire to exercise the clemency which the law authorized them to show towards the defendant, but that as to his guilt of the crime of shooting at another they had no doubt which they wished to resolve in his favor by a recommendation that he be punished as for a misdemeanor only."

2. "Even if the statements attributed to the defendant were of such character as to amount to a confession, the failure of the court to charge the law of confessions, in the absence of an appropriate and timely request, is not cause for the grant of a new trial. *Patterson* v. *State,* 124 *Ga.* 408 (2) (52 S. E. 534) ; *Roberson* v. *State,* 135 *Ga.* 654 (70 S. E. 175)." *Benjamin* v. *State,* 150 *Ga.* 78 (1) (102 S. E. 427). See also *Cooner* v. *State,* 16 *Ga. App.* 540 (6) (85 S. E. 688), and citations.

3. The verdict is not without some evidence to support it, and, as no error of law is shown to have been committed on the trial, the refusal to grant a new trial was not error.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*