## CHANCE *v.* THE STATE.

1. Every person charged with an offense against the laws of this State shall be confronted with the witnesses testifying against him; and such person also has the right to be present at every stage of his trial. Where, on the trial of one charged with murder, counsel for the State offered in evidence a certain automobile, and at the request of such counsel the court allowed the jury trying the case to leave their seats in the jury-box, accompanied by the presiding judge, and go across the street from the court-house where the automobile was parked, in order that the jury might view the automobile as evidence in the case; and where, during the time the jury was absent from the court-house to view the automobile, the accused was left and remained in the court-house entirely out of sight and hearing of the jury and presiding judge; and where, during the absence of the

court and jury inspecting the automobile, the defendant was in the custody of the law and made no waiver of his right to be present during this stage of his trial, and did not authorize his counsel to make such waiver for him, and his counsel did not make such waiver, this action on the part of the court was error requiring a new trial.

2. On the trial of one charged with murder it is not error for the court to instruct the jury that "The law presumes every homicide to be malicious, until the contrary appears from circumstances of alleviation, excuse, or justification; and it is incumbent on the prisoner to make out such circumstances to the satisfaction of the jury, unless they appear from the evidence produced against him." *Fitzpatrick* v. *State*, 149 *Ga.* 75 (3), 80 (99 S. E. 128); *Delk* v. *State*, 135 *Ga.* 312 (69 S. E. 541, Ann. Cas. 1912A, 105); *Mann* v. *State*, 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934).

3. Under the facts of this case it was not error for the court to charge the jury that " The defendant, on the other hand, contends that there was no conspiracy; that he did not act in concert, or with a common intent with the other defendants, or with the common purpose of the other defendants, to take the life of the deceased; and that he did not participate in any manner in the taking of the life of the deceased,' as against the objection that this portion of the charge is an intimation by the court to the jury that there was a conspiracy among the other defendants to take the life of the deceased.

(*a*) A conspiracy may be shown by circumstantial evidence, as well as direct testimony. *Turner* v. *State*, 138 *Ga.* 811 (2) (76 S. E. 349); *Lynn* v. *State*, 140 *Ga.* 387 (7*a*), 394 (79 S. E. 29); *Dixon* v. *State*, 116 *Ga.* 186 (42 S. E. 357); *McElroy* v. *State*, 125 *Ga.* 37 (2), 39 (53 S. E. 759); *Weaver* v. *State*, 135 *Ga.* 317 (69 S. E. 488); *Young* v. *State*, 151 *Ga.* 401 (107 S. E. 37).

4. Under the facts of this case it was not error to charge: " As I charged you awhile ago, the deceased would not have the right to fire upon the defendants if they were merely passing his place peaceably and quietly, and they would not have the right to fire upon him because of the fact that he may have desired to close that road. Neither would have had the right to have made an assault upon the other on account of that; but the testimony was admissible and is to be considered by you, as to that, for the purpose of showing motive and intent on the part of all the parties concerned." The above charge is not erroneous for the reason assigned, that it is an intimation by the court to the jury that the deceased had the right to fire on the defendant if they passed his place in any other manner except peaceably and quietly.

5. Certain kodak pictures and diagrams of the home and premises of the deceased, taken and drawn by witnesses sworn for the State, were not inadmissible on the ground that they " were made by some one not at the scene at the time of the killing, nor were the things photographed pointed out by anybody connected with the shooting, or present at the time, or giving any information or knowledge about it;" nor were they inadmissible because they were irrelevant.

6. The State was permitted, over objection that the evidence was ir-

relevant and immaterial, to prove by the widow of the decedent
that one of her children, a girl, was five years old, another four years
old, and a boy about two years old. This evidence was irrelevant, as
contended by the movant; but the error in admitting it was not of
such materiality as to require the grant of a new trial.

7. Other assignments of error do not require a reversal.

. No. 3469. SEPTEMBER 24, 1923.

Indictment for murder. Before Judge Strange. Bulloch superior court. July 27, 1922.

*E. K. Overstreet, Anderson & Jones, G. C. Dekle, William Woodrum,* and *E. G. Weathers,* for plaintiff in error.

*George M. Napier, attorney-general, A. S. Anderson, solicitor-general, Seward M. Smith, assistant attorney-general, R. Lee Moore, H. A. Boykin,* and *J. A. Dixon,* contra.

HILL, J. R. H. Chance was indicted for the murder of Watson Allen; and the jury returned a verdict of guilty, with a recommendation to the mercy of the court. The defendant filed his motion for a new trial, which was overruled, and he excepted.

1. The tenth ground of the motion for new trial is as follows: " Counsel for the State offered in evidence a Ford automobile which belonged to the defendant on trial, and in which said defendant was riding along the road leading by the home of the deceased on the morning of the shooting; and at the request of counsel for the State the court allowed the jury trying said case to leave their seats in the jury-box located on the second floor of the court-house, and proceed, accompanied by the judge presiding in said case, out of the court-house and across the court-house yard and across the street adjacent to said yard to where said Ford automobile was parked, in order that said jury might view, as evidence in said case, said automobile, and during the time the jury was gone from the court-house to view said automobile the defendant on trial was left, and remained, on the second floor of the court-house entirely out of sight and hearing of the jury and the presiding judge in said case. At the time the jury and the presiding judge were out of the court-house and on the street viewing said automobile, the defendant was in the custody of the law, and made no waiver of his right to be present during this stage of his trial, and that he did not authorize his counsel to make such waiver for him, and that his counsel made no such waiver in his presence, and if an unauthorized waiver has been made by his counsel he has not since ratified the same, or allowed the court to

act upon a waiver of counsel, if there was such waiver, since·he has notice that the same was made; and that this defendant did not consent or agree for the jury to leave the court-house and in his absence view said automobile as evidence in said case.' This was error, because the defendant was deprived of his legal right to be present at every stage and proceeding of his trial, as guaranteed to him under the laws and constitution of the State of Georgia." This ground of the motion is supported by a number of affidavits. In approving the grounds of the motion for new trial the ·presiding judge appended the following note: "Ground number 10 of the amended motion for new trial is approved, subject to the following notations by the court: First. Counsel for the State offered the automobile in evidence; counsel for the defendant consented; and the court announced that the jury, the court, and· attorneys and parties would go and look at the automobile. Second. The court intended for the defendant, R. H. Chance, to accompany the jury and the court and his attorneys to where the car was, and the court thought that the defendant had accompanied 'the jury, and had no notice that he remained in the court-house until the motion for new trial was presented in this case. Third. Neither the defendant nor his attorneys ever called the court's attention or made any complaint that the defendant was not allowed to accompany the court and the jury to view the automobile. It was the intention of the court that the defendant should accompany the court and jury along with his attorneys; and if he remained in the court-room he did it without authority from the court or any one authorized by the court, and, so far as the court is concerned, his remaining in the court-room while the jury went out to view the car was entirely voluntary on his part."

The constitution of this State provides that every person charged with an offense against the laws of this State shall be confronted with the witnesses testifying against him. Art. 1, sec. 1, par. 5 (Civil Code 1910, § 6361). In *Wade* v. *State,* 12 *Ga.* 25,·this court held: "It is error for the court, on the trial of a criminal cause, after the jury have retired to their room to consider of their verdict, to call them back in the court-room, and read over to them the evidence taken down by the court, without the consent of the prisoner's counsel, and in the absence of the prisoner." In the opinion it was said: "This was clearly error. The court has

no more authority, under the law, to read over testimony to the jury, affecting the life or liberty of the defendant, in his absence, than it has to examine the witnesses in relation thereto in his absence." In *Wilson* v. *State*, 87 *Ga.* 583 (13 S. E. 566), this court held: "On a trial for murder, it is the right of the accused to be present at all stages of the proceeding, and it is the duty of the court to see that he is present when any charge is delivered to the jury." In delivering the opinion of the court in the *Wilson* case Chief Justice Bleckley said: "There is nothing to indicate that it was his intention to be absent when any material step was to be taken in the trial; and before taking such a material step as recharging the jury, we are of opinion that the court should have seen and known that he was present, verifying the fact, if necessary, by ocular demonstration. The presence of the counsel was no substitute for that of the man on trial. Both should have been present." In *Tiller* v. *State*, 96 *Ga.* 430 (23 S. E. 825), this court held: "It was error, in the trial of a criminal case, to permit the solicitor-general to proceed with his argument to the jury while the accused was absent and confined in jail, he not having been admitted to bail. This is true although the presiding judge was not actually aware of the prisoner's absence, it not appearing that any waiver of his presence, express or otherwise, had been made either by himself or his counsel."

The above cases are in point under the facts of this case. It is well-settled in this State that one who is on trial for murder is entitled personally to be present at every stage of the trial, as held by the foregoing and other cases to the same effect. See *Frank* v. *State*, 142 *Ga.* 741 (83 S. E. 645, L. R. A. 1915D, 817), et cit. There is nothing in the present case to indicate that the defendant waived his right to be present when the court, counsel, and jury went to inspect the automobile which had been offered in evidence. The ground of the motion for new trial recites that the defendant at the time was in the custody of the law, and he therefore could not go with the court and jury without the authority of the court. It is no answer to what has been said above to say that the court thought that the defendant was present with the court and counsel and jury when the automobile was inspected. It was the duty of the court to see by ocular demonstration, as expressed by Judge Bleckley, that the defendant was present.

It was the right of the defendant to be present when the automobile was being inspected, in order to make any suggestions by himself or through his counsel with respect thereto that he might deem necessary or proper for his defense; and being detained in the court-house and being deprived of this important right, we are of the opinion that a new trial should be granted in this case.

In the case of *Martin* v. *State,* 51 *Ga.* 567, this court held: "When a jury, on the trial of a criminal case, have retired to consider of the verdict, and have been called back by the court to be recharged, it is the right of the defendant to have his counsel present, and he does not lose this privilege unless by a clear and distinct waiver thereof." And see *Brown* v. *State,* 151 *Ga.* 497 (107 S. E. 536).

2. None of the headnotes, except the first, require elaboration.

3. Other assignments of error not specifically dealt with are without merit.

*Judgment reversed. All the Justices concur, except*

Beck, P. J., and Hines, J., dissenting. We do not take issue with any ruling made in the cases cited on this subject by our associates, as follows: *Wade* v. *State,* 12 *Ga.* 25; *Wilson* v. *State,* 87 *Ga.* 583; *Tiller* v. *State,* 96 *Ga.* 430; *Frank* v. *State,* 142 *Ga.* 741; *Brown* v. *State,* 151 *Ga.* 497. We do point out that the principle quoted from *Martin* v. *State,* 51 *Ga.* 567, has been modified by *Roberson* v. *State,* 135 *Ga.* 654, 656 (70 S. E. 175). In our opinion, nothwithstanding the fact that the accused had the undoubted right to be present throughout the trial, and to see and hear everything that took place, whatever error was committed against him under the facts stated, he waived his right to complain by withholding all objection and allowing the trial to proceed until the rendition of the verdict against him, thus taking his chances upon an acquittal. There is no express constitutional or statutory provision making it obligatory that the accused be present at all stages of the trial. The principle is evolved from that clause of the constitution above mentioned with regard to the right of the accused to be confronted by the witnesses. We readily concede that it is the safe and proper practice upon the part of trial judges to see that the accused is present at all stages of the trial. The right to be present, however, is one that may be waived either expressly or impliedly. The Penal Code (1910), § 5,

provides as follows: "Laws made for the preservation of public order, or good morals, can not be done away with or abrogated by any agreement; but a person may waive or renounce what the law has established in his favor, when he does not thereby injure others, or affect the public interest." *Weldon* v. *Colquitt, 62 Ga.* 449 (35 Am. R. 128) ; *Logan* v. *State, 86 Ga.* 266 (12 S. E. 406) ; *Vaughn* v. *State, 88 Ga.* 731 (16 S. E. 64). The principle is well established that one on trial for a criminal offense waives his right to be present on the rendition of the verdict by his voluntary absence, as when under bond. *Barton* v. *State, 67 Ga.* 653 (44 Am. R. 743) ; *Nolan* v. *State, 55 Ga.* 521 (21 Am. R. 281) ; *Robson* v. *State, 83 Ga.* 166 (9 S. E. 610) ; *Tiller* v. *State, 96 Ga.* 430 (supra). Even in *Frank* v. *State, 142 Ga.* 741 (supra), cited by our associates, the principle of waiver is acknowledged, for on no basis could a new trial have been denied the accused except by his failure to include in his former motion for a new trial the ground then insisted upon, to wit, that the verdict was received in his absence.

We think it unnecessary to cite authority to the effect that the accused would be bound by an express waiver. We think the accused is equally bound by an implied waiver, provided it clearly appears from the facts. In *Williams* v. *State,* 150 *Ga.* 641 (104 S. E. 776), on the trial of a capital case one of the counsel for the accused opened his argument and spoke for ten or fifteen minutes, at the expiration of which time he observed the absence of the prisoner and called the attention of the presiding judge to it, who immediately directed the prisoner to be brought into the courtroom, suspending the proceedings until the prisoner was brought in. After conviction, one ground of the motion for new trial complained of this incident. The court held this to be no cause for the grant of a new trial. The ruling was based upon the principle that "counsel had waived the prisoner's absence;" and moreover that what was said and done was not a substantial violation of the prisoner's rights. In *Smith* v. *State,* 59 *Ga.* 513 (27 Am. R. 393), a ground of the motion for new trial was based on the fact that the prisoner on trial for a felony was confined in jail at the time the verdict was received. The court held that he had waived the right to be present because "there was a consent for the jury to disperse after the verdict was agreed upon, and for

the verdict to be returned into court by the foreman next morning." Bleckley, J., speaking for the court, said: " He ought to have been brought from the jail, so as to be present at the reception. But we think it was merely an irregularity, and that no matter of substance was involved. Having surrendered his right to poll the jury, no other of any value to him remained, for the exercise or protection of which his presence was important. Had he been in court, the result must have been the same as it was. Nothing took place in his absence, but the mechanical act of receiving the verdict, as the consent had provided it should be received. If he had been present the act would have been no less mechanical." In the present case, as mentioned above, the jury viewed the automobile without a spoken word, so far as the record discloses. Had he been present no benefit to him is conceivable, and his absence, therefore, was not to his injury. In *Cawthon v. State*, 119 *Ga.* 395 (46 S. E. 897), one ground of the motion for new trial was based on the action of the court in receiving the verdict in the absence of the accused. The accused was on trial for murder, and the defendant was in jail at the time, and the verdict finding him guilty was received in his absence. In this case the question was elaborately discussed, and many authorities were cited. It appeared that counsel, in the presence of the accused, made an express waiver of the presence of the latter, but the accused denied the authority of the counsel to make the waiver. The court declined to decide whether counsel was legally authorized to waive the presence of the accused, but said: " We can see no good reason why the accused would not be bound by an express waiver made in his presence. Such a waiver is to all intents and purposes the waiver of the client. It would be trifling with the court to allow it to act upon a waiver thus made, and then impeach its action on the ground that counsel had been guilty of an unauthorized act. . . In any event, when the accused shows that his counsel had made an express waiver of his right to be present, and had agreed with the judge that no exception would be taken to the reception of the verdict in his absence, it will be presumed that the accused was present when the waiver was made, in the absence of a showing to the contrary, and especially would there be such a presumption, if, as claimed, counsel had no implied right to make the waiver." This amounts to holding that there may be an implied waiver on

the part of the accused of his right to be present; for in the case just cited the effect of the court's ruling was that what happened constituted an implied consent on the part of the accused that his counsel might commit him to an express waiver of his presence. In *Vaughn* v. *State,* supra, where the accused was on trial for murder, one ground of the motion for a new trial complained of an irregularity in making up the list of jurors put upon him. It was held that the accused " will be deemed to have waived the formality by his silence and conduct." Here there was an express acknowledgment of waiver by silence. In *Sarah* v. *State,* 28 *Ga.* 576, it was held: " As the prisoner may waive even a trial itself, and be capitally punished upon his own confession of guilt, he may waive every minor right or privilege. The greater includes the less, or the whole the parts." See also *Towns* v. *State,* 149 *Ga.* 613(1), 614 (101 S. E. 678).

When, during the trial of a criminal case, the court commits some error which will render nugatory any verdict of guilty thereafter rendered, the proper procedure is for the defendant to move for a mistrial, which, if overruled, will entitle him to the grant of a new trial. The defendant can not take the chances of an acquittal, when the trial is rendered vain and nugatory by such error, and after conviction make such ruling a ground of a motion for new trial. When such error is committed the defendant should move for a mistrial; and then, after the court overrules his motion for mistrial, he can make the same a ground of a motion for new trial. This principle is deducible from the decisions of this court involving similar errors committed by trial courts. *Perdue* v. *State,* 135 *Ga.* 277 (69 S. E. 184); *Moore* v. *McAfee,* 151 *Ga.* 270 (106 S. E. 274); *Barnett* v. *Strain,* 151 *Ga.* 553 (107 S. E. 530); *Kay* v. *Benson,* 152 *Ga.* 185 (108 S. E. 779). See dissenting opinion of Beck, P. J., and Hines, J., in *Campbell* v. *State,* 155 *Ga.* 127 (116 S. E. 807). So we think we are abundantly justified in concluding that the effect of the failure of the accused to make any objection to the occurrence, and his acquiescence in the continuance of the trial, taking the chances of acquittal, was a waiver of his right to complain. We are further of the opinion that he should have moved for a mistrial if he wished to complain of the error, and that in the absence of a motion for mistrial he can not complain of the error for the first

time in a motion for new trial. He should have invoked some ruling on this matter at the time of the occurrence. We regard it a sound rule that there must be exception taken by the defendant to matters occurring in the trial court, and he must invoke some ruling thereon, and then such ruling must be adverse before he can invoke in this court any consideration of the error complained of.

Under the facts of this case, we think the defendant waived by implication the error alleged to have been committed by the trial court, (1) because he made no objection thereto, and (2) because he did not move for a mistrial at the time of its occurrence.