18453.   BOONE *v.* LORD.

DECIDED JULY 13, 1928.

*E. B. Hubbard,* for plaintiff in error.

*G. H. Carswell, J. S. Davis, J. F. Bloodworth,* contra.

BELL, J.   E. M. Boone brought suit against J. T. Lord Jr., for $1055.51, alleged to be due as the balance of the purchase-money for 496,624 feet of lumber of various kinds and grades, sold and delivered by the plaintiff to the defendant at different prices, grades B and No. 1 of pine lumber to be paid for respectively at prices stipulated, and grade No. 2 of pine lumber and all grades of the poplar lumber to be paid for at market value.   The defendant in his answer claimed that as to each grade of the pine lumber he had not received the quantity alleged in the petition, and that, as to grade No. 1 of the pine lumber and as to the poplar lumber, the market value was less than the amount stated in the petition.   The jury found in favor of the defendant, and the plaintiff's motion for a new trial having been overruled, he excepted.

In one ground of the motion for a new trial the plaintiff contends that he is entitled to a new trial because of the following occurrence:   After the trial of the case had progressed through the charge of the court and the jury had retired to their room for deliberation, and after the trial of another case was begun, the hour being late in the afternoon, counsel for the plaintiff sought a leave of absence "until the night session," in order that he might go "to his home in the same town, only a few blocks away from the court-house, for supper."   Counsel agreed that if the jury

should make a verdict the same might be received by the court in his absence, and, upon this as the entire understanding, the court excused the attorney as requested. After the jury had considered the case for some time but before the night session, they indicated a desire for additional instructions, when the following communications were had between the court and the jury:

By the court: "Mr. Foreman, I got a message from the jury through their bailiff that you wanted to ask me some questions or make some statement to me. What is it?"

By the foreman: "We want to know if we could deviate from that contention. We wish to ask the question if we could have the right to deviate or lessen the amount contended for in the verdict."

By the court: "Well, gentlemen, you will bear in mind what I stated to you as to the contentions of the parties. Mr. Boone contends that there is a balance due him on this lumber that he furnished to Mr. Lord during the year 1925 of $1055.52. That is what he contends that was the balance due him. Mr. Lord contends that he does not owe Mr. Boone anything, that he has settled up with him according to his contract for all lumber that he actually received according to his contract. Now in the event the jury finds under the law as given you in charge by the court, applied to the facts in evidence, that Mr. Boone is entitled to recover anything, you would just say, 'We, the jury, find for the plaintiff so many dollars and cents, with seven per cent. interest thereon from January 1, 1926, down to the present time.' In the event you reach the conclusion that Mr. Lord has paid Mr. Boone in full according to the contract and does not owe him anything, you would say, 'We, the jury, find for the defendant.' Does that answer your question?"

By the foreman: "Yes, sir."

By the court: "You all understand in the event you reach the conclusion that Mr. Boone is entitled to recover anything, whether it is $1055.52 or a less amount, you would specify the amount in your verdict. In the event you reach the conclusion that Mr. Boone is not entitled to recover anything, you would just say, 'We, the jury, find for the defendant.' "

Plaintiff contends that the court erred in giving the jury the above instructions in the absence of his counsel, who was absent by

leave of the court and with the understanding with the court that in the meantime nothing would be done in the trial of the case except to receive the verdict; that the giving of such instructions in the absence of counsel was to deprive the plaintiff "of a trial by due process of law," as guaranteed in the constitution of the State (see Civil Code (1910), § 6360).

A number of cases are cited in the brief of counsel for the plaintiff in error in support of his contention that a new trial is demanded as a result of the happenings referred to. In *Bryant* v. *Simmons,* 74 *Ga.* 405, the trial judge had the jury brought into the court-room and delivered another charge to them upon the main points in the case. In *Martin* v. *State,* 51 *Ga.* 567, the jury "were called back by the court to be recharged" on the general law of the case. We think the present case, like the case of *Roberson* v. *State,* 135 *Ga.* 654 (70 S. E. 175), is to be distinguished from those cases "where the judge misled counsel or parties so as to permit them to leave the court in reliance upon an announcement that nothing would be done but to receive a verdict, and where some important step in the trial was taken in addition thereto." What happened was merely that the jury inquired of the trial judge whether they might find a verdict in the plaintiff's favor for a lesser amount than was sued for, and that he responded to the inquiry by answering in the affirmative. It is not suggested, nor does it appear, that anything by way of request, motion, or otherwise could have been done by the plaintiff's attorney had he been present.

This was a civil case, and it seems that a new trial will not be so readily ordered in a civil case for happenings of this sort as may be done in criminal cases. The occurrence was irregular, but it is inconceivable that the plaintiff was harmed or deprived of any substantial right as a result thereof. "In order to obtain in this court a reversal of a judgment of which complaint is made, the burden is upon the plaintiff in error to show not only error but injury." *First National Bank* v. *American Sugar Refining Co.,* 120 *Ga.* 717 (48 S. E. 326). There are some errors, of course, from which injury may be presumed, and in some cases the presumption may be conclusive. This is a case in which injury would probably be presumed but not conclusively presumed, that is, if it had appeared merely that the court had given a charge to the

jury while the attorney was absent on leave, without the effect of the same being shown, this would probably have made a prima facie case of prejudicial error; but since the assignment of error discloses fully and in detail just what occurred, and since, from the facts thus shown, it affirmatively appears that the plaintiff was not prejudiced, a new trial should not result. See, in this connection, *Miller* v. *State,* 13 *Ga. App.* 440 (79 S. E. 232). Confining our opinion to the particular facts of this case, we think the occurrence above described did not require a new trial. There is no merit in any of the other special grounds of the motion for a new trial.

■ Coming now to the general grounds of the motion, we are still unable to agree with the able counsel for the plaintiff in error, who has so diligently and earnestly sought to establish that the verdict is contrary to the evidence and the law. A painstaking effort has been made to demonstrate that even by the defendant's own pleadings and evidence a verdict against him was demanded. As intricate as was the task, we have carefully examined the evidence, for the purpose of passing upon this contention, and have determined that we can not hold with the plaintiff in error upon this point. Nor can we say that a verdict for the plaintiff was demanded either by his evidence or from all the evidence together.

The chief issue between the parties in the court below seems to have had reference to the quantity of lumber delivered, although, as stated above, there was a difference also as to the amount to be paid for two classes of the lumber. The plaintiff alleged in his petition that he had delivered 15,385 feet of poplar lumber and the following quantities of pine: 29,059 feet of Grade B; 9683 feet of Grade No. 1; 442,497 feet of Grade No. 2, making a total of 496,624 feet. The lumber, as delivered, was counted by the defendant, and was not counted by the plaintiff. Statements were rendered to the plaintiff by the defendant from time to time showing the quantities received and counted, and it was upon these statements that the plaintiff arrived at his conclusion that he had delivered the quantities set forth in his petition. In support of his case as thus laid, the plaintiff brought these statements into court and testified from them. He read them in evidence, and then testified: "I don't understand the letters and figures, but that is all I ever got on it. I got that at the office. There is 15,385 feet

of poplar that I delivered to the planer. The total amount of lumber, as shown by the bills read to the jury, is 496,624 feet. The total of No. 2 stuff as shown by those bills is 442,497 feet, of B, 29,059 feet, of No. 1, 9,683." The statements were afterwards introduced in evidence, and are set out in full in the record. From our addition of the figures contained therein we think the plaintiff by duplication or otherwise (apparently the former) has made an error somewhere which, without more, will fully account for the discrepancy between his contention and that of the defendant as to the quantity of the lumber. There is no difference between the parties as to the quantity of poplar lumber. By our calculations from the statements referred to, the following are the aggregate amounts of pine lumber: grade B, 22,399; grade No. 1, 8,303; grade No. 2, 363,997; total, 394,699 feet. It thus appears that the difference between the amount of lumber the plaintiff actually delivered and that which he thinks he delivered is 86,540 feet, and that his claim was to this extent excessive. Taking what appears from the evidence to be the aggregate quantity delivered of each grade, and allowing to the plaintiff therefor the price alleged in his petition, and then taking the amounts which the plaintiff showed had been paid, there is no balance whatever in his favor.

Whether these conclusions were demanded by the evidence as a matter of law, they were at least authorized as a matter of fact, and the jury were fully warranted in finding for the defendant. There was no error in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*