534 CARTER v. THE STATE.THE STATE.

ATKINSON, Presiding Justice. 1. Relatively to the first special ground of the motion for a new trial, the case is controlled adversely to the plaintiff in error by the decision in *Yancy* v. *State*, 173 *Ga.* 685 (5) (160 S. E. 867).

2. In the circumstances of this case, the court erred in recharging the jury in the absence of the sole attorney for the defendant, as complained of in the motion for a new trial. *Martin* v. *State*, 51 *Ga.* 567; *Wilson* v. *State*, 87 *Ga.* 583, 584 (13 S. E. 566); *Brown* v. *State*, 151 *Ga.* 497 (13 S. E. 566). This case differs from *Roberson* v. *State*, 135 *Ga.* 654 (70 S. E. 175), where the facts were different as tending to show that the attorney was voluntarily absent.

3. Inasmuch as a reversal will result from the error in recharging the jury in the absence of defendant's attorney, and as the evidence may not be the same on another trial of the case, no ruling will be made on the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur, except*

DUCKWORTH, J., who dissents on authority of the full-bench opinion in *Roberson* v. *State*, 135 *Ga.* 654 (supra).

No. 13222. JUNE 21, 1940.

*Ben Smith, Harry M. Wilson,* and *Herbert W. Wilson,* for plaintiff in error.

*Ellis G. Arnall,* attorney-general, *John S. Gibson,* solicitor-general, *E. J. Clower* and *C. E. Gregory,* assistant attorneys-general, contra.