1. Relatively to the first special ground of the motion for a new trial, the case is controlled adversely to the plaintiff in error by the decision in Yancy v. State, 173 Ga. 685 (5) (160 S.E. 867).
2. In the circumstances of this case, the court erred in recharging the jury in the absence of the sole attorney for the defendant, as complained of in the motion for a new trial. Martin v. State, 51 Ga. 567; Wilson v. State, 87 Ga. 583, 584 (13 S.E. 566); Brown v. State, 151 Ga. 497
(13 S.E. 566). This case differs from Roberson v. State, 135 Ga. 654 (70 S.E. 175), where the facts were different as tending to show that the attorney was voluntarily absent.
3. Inasmuch as a reversal will result from the error in recharging the jury in the absence of defendant's attorney, and as the evidence may not be the same on another trial of the case, no ruling will be made on the sufficiency of the evidence to support the verdict.
Judgment reversed. All the Justices concur,except
DUCKWORTH, J., who dissents on authority of the full-bench opinion in Roberson v. State, 135 Ga. 654 (supra).
 No. 13222. JUNE 21, 1940.
Cleve Carter was indicted for the murder of Mrs. Willie Mae Carter (wife of defendant) by shooting her with a pistol. A verdict of guilty, with a recommendation of mercy, was returned. The defendant's motion for a new trial was overruled, and he excepted. The motion, besides the general grounds, complained that the court erred in making the following statements, after the jury had been deliberating for approximately nineteen hours, and had been recalled for further instructions after having advised the court through their bailiff that they could not agree on a verdict: "The court: Gentlemen, have you agreed on a verdict? A juror: No, sir. The court: Is it a question of law or a question of fact that seems to be troubling you? The juror: Well, I don't know as I can answer that question. It seems to be both, in a way. On the other hand, I asked if they wanted a recharge, and they said no, it would not be necessary. The court: It would not be necessary? If there is any point of law that the court can instruct you upon, the court will be glad to do so. If it is a question of fact, the court can not help you. Are you hopelessly divided? The juror: I think so, yes sir. The court: Well, gentlemen, this is about as intelligent a jury as we can get together in Ware County, and *Page 535 
some jury will have to pass upon this case; and I very much hope that you gentlemen will be able to get together on a verdict. I am going to send you back to the room to consider the case and see if you can get together. Go back to the room, gentlemen, and further consider the case." Error was assigned on the ground that the statement was calculated and did prevent the individual and conscientious opinions of the jurors, and was such as to intimidate the jurors in forming individual opinions as to the law and facts of the case, and was calculated to cause and did cause the jurors to surrender their individual opinions and agree with other jurors rather than to be a party to such serious matter as hindering justice by not agreeing to a verdict, and tended to destroy the individual opinions of jurors in the trial of the case, and was harmful to the defendant.
The motion for a new trial complained that by giving the recharge just quoted, during the absence of the movant's attorney, the defendant was deprived of his constitutional right to the benefit of counsel guaranteed in the bill of rights (Code, § 2-105), which provides that "Every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel." In an affidavit the attorney for the defendant explained his absence, as follows: "At the time said judge called for the jury to report in said case, another case was on trial, of which he was not of counsel, and, not being of counsel in said case, he was not in the court-room at the time said jury came in in the Carter case, but that he was easily accessible to said court in that he was on the court-house grounds; that no effort was made to secure his presence, neither was he called for at the time the jury came in; neither was he present in the court-room at the time the jury came in at the request of the judge, and he did not waive the right to be present as attorney for movant at this stage of the trial; . . that, on account of the fact that the Cleve Carter jury was out and he was expecting them in at any time, he was on the court-house grounds all of October 25th, 1939, and easily accessible; . . that within about three hours after the judge had called the jury down, they agreed upon a verdict convicting the said Cleve Carter of murder, with recommendation." The defendant made an affidavit "that he was present in the court-room when said jury was brought down from the jury-room to the court-room, but at that time another case was being *Page 536 
tried, and his attorney, Ben Smith, who was not connected with said case, was not present in the court-room, but was just on the outside of the court-room and was easily accessible to said court-room, but was not present and did not hear the recharge by the court. Deponent did not waive the presence in court of his counsel Ben Smith at the time the court made his recharge or gave the statement complained of; neither did the court appoint any counsel for him or ask defendant if he wanted counsel appointed; . . that it was his constitutional right to have his attorney present at every stage of the case, and that he did not consent in any way for his attorney, Ben Smith, to be absent from the court-room at the time the jury was sent for."