RIDER *v.* THE STATE.

No. 14447.    APRIL 13, 1943.

*Pat Haralson, Ben F. Carr,* and *E. C. Brannon,* for plaintiff in error.    *T. Grady Head, attorney-general, G. Fred Kelley, solicitor-general,* and *A. J. Hartley, assistant attorney-general,* contra.

JENKINS, Justice.    ■    "No person shall be convicted of an assault with intent to commit a crime, . . when it shall appear that the crime intended, or the offense attempted, was actually perpetrated by such person at the time of such assault, or in pursuance of such attempt." Code, § 27-2508.    Although a conviction of assault with intent to rape, under § 26-1404, may be had on an indictment for rape where the act was attempted but not completed (*Johnson* v. *State,* 14 *Ga.* 55, 59; *Stephen* v. *State,* 11 *Ga.* 225 (7) ; *Holland* v. *State,* 161 *Ga.* 492, 131 S. E. 503; *Harris* v. *State,* 21 *Ga. App.* 75, 94 S. E. 75) ; and the jury should in all such cases be instructed that the defendant may be found guilty of the lesser offense necessarily involved in the graver offense, if under any view of the evidence submitted a conviction of the lesser offense would be authorized (*Moore* v. *State,* 151 *Ga.* 648 (5), 662, 108 S. E. 47; *Sutton* v. *State,* 123 *Ga.* 125, 127, 51 S. E. 316), yet if all of the evidence shows that the defendant, if guilty at all, was guilty of the completed major offense, it is not error to fail to charge as to the lesser offense.    *Lewis* v. *State,* 156 *Ga.* 862 (120 S. E. 124), and cit.; *Welborn* v. *State,* 116 *Ga.* 522 (2), 524 (47 S. E. 773) ; *Whitley* v. *State,* 188 *Ga.* 177, 178 (2) (3 S. E. 2d, 588).    Accordingly, under the evidence in this case, showing that if the defendant was guilty he was guilty of the completed major offense, it was not error to fail to charge the law as to an assault with intent to rape.

■    The element of force required to constitute the crime of rape (Code, § 26-1301) is not limited to physical violence, but also may consist of threats of serious bodily harm which overpower the female and cause her to yield against her will.    *Byrd* v. *State,* 187 *Ga.* 328 (6), 337 (200 S. E. 671) ; *Vanderford* v. *State,* 126 *Ga.* 753 (5), 759 (55 S. E. 1025) ; and cit.; *Berry* v. *State,* 185 *Ga.*

334 (2) (195 S. E. 172). Under the State's evidence that the prosecutrix submitted to the defendant because of his display of a pistol and threats to shoot her, the court did not err in charging this principle to the jury, and that intercourse under such circumstances would be rape, whether or not the female offered physical resistance. *Melton* v. *State,* 184 *Ga.* 343 (3) (191 S. E. 91).

■ Exception was taken to the following charge: "It is no defense, however, to the crime of rape when proven, that the female was unchaste or was lewd, or had a bad character for lewdness. Rape may be committed on the most abandoned and depraved strumpet." The grounds of exception are that this instruction was "not sound as an abstract principle of law, . . was argumentative, and contained a summary or deductions of the evidence as might seem to the jury an argument or expression or intimation of an opinion thereon, and was the language used by the solicitor in his concluding argument to the jury." Immediately preceding the quoted language, and after an instruction on the law of impeachment as affected by the character of the prosecutrix for chastity, the judge charged: "You may consider evidence, if any, touching the general bad character for lewdness of the female alleged to have been raped, in considering whether or not the intercourse, if any, was by her consent or forcibly and against her will." There is no exception to this instruction. Immediately following the instruction excepted to, the judge also charged: "The general character of the female for chastity or want of chastity may and should be considered by the jury in determining whether or not the intercourse was by her consent or forcibly and against her will." There is no exception to this instruction. The language excepted to, which conformed to the defendant's statement and testimony attacking the character of the prosecutrix for chastity, was substantially the same and was accompanied by a context similar to the charge dealt with, and held not erroneous, in *Black* v. *State,* 119 *Ga.* 746 (5), 750 (47 S. E. 370). It was not an erroneous statement of "an abstract principle of law." *Walker* v. *State,* 151 *Ga.* 341 (106 S. E. 547). Nor in view of the context, both preceding and following the statement, charging on a contention of the defendant as to the character of the prosecutrix, can the language excepted to be taken as argumentative or as an expression of opinion.

■ It was not error to admit testimony by the husband of the prosecutrix as to the scratched condition of her feet and legs and her torn dress when he saw her soon after she left the defendant, in corroboration of her testimony that she was forced by the defendant to walk through the woods barefooted and submit to him against her will.

■ The court denied a motion to declare a mistrial on the ground that, during the State's examination of the prosecutrix, the question was asked her as to what was said to her in the woods by a man whom the defendant, according to the State's testimony, left to guard her during his absence after a completion of the alleged offense; and as to whether this man was a "negro;" and that the latter question and affirmative answer were very prejudicial to the defendant, since they injected an issue of "race" into the case; and that while the judge excluded the conversation, he did not rule out the reply of the witness that the man was a negro, and did not stop or rebuke the solicitor. There is no merit in this exception, especially since not only was the race of the person named elicited by counsel for the defendant on cross-examination of the same witness, but the defendant himself in his statement to the jury several times referred to such race, although denying any attack by the defendant on the prosecutrix or any harm to her on the occasion in question.

■ In the absence and without the knowledge or consent of the defendant, who had been taken to the jail by an officer while the jury were deliberating, and while counsel for the defendant were present, but without any consent or waiver by them, or any subsequent waiver by the defendant, the court "gave to the jury the following additional charge: 'Your bailiff advises me you desire some further instructions.' Foreman: 'Yes, sir.' The court: 'You desire instructions on the law, a question of law?' Foreman: 'A question of law, yes, sir.' The court: 'What is it, please?' Foreman: 'In case we find a verdict of guilty, we want to know if we can recommend, if we want to, there would be no pardon or not.' The court: 'No, sir, you can not. That is a matter, gentlemen, this court has nothing to do with. The question of pardon is a question entirely for the parole board and the Governor of the State, and no recommendation you make would be binding in that respect or would be proper. You may retire."

The defendant contends that such an instruction, in his absence, not consented to or waived either by himself or his counsel, violated his constitutional right; and particularly that prejudice appears, since the jury, in thereafter returning a verdict of guilty with a recommendation to mercy, fixed the maximum punishment, under the Code, § 26-1302, at eighteen to twenty years, instead of a less time under the statute, permitting a minimum of one year.

No question as to a consent or waiver of the absence of the defendant, either by himself or his counsel, is here involved. On a trial for a capital offense, "It is the right of the accused to be present at all stages of the proceeding, and it is the duty of the court to see that he is present when any charge is delivered to the jury;" and where the defendant is absent without knowledge of such a charge or recharge, and without any consent or waiver with reference thereto, it has been held that such procedure requires a new trial; and that "the presence of the counsel was no substitute for that of the man on trial." *Wilson* v. *State,* 87 *Ga.* 583, 584 (13 S. E. 566); *Chance* v. *State,* 156 *Ga.* 428, 431 (119 S. E. 303); *Bagwell* v. *State,* 129 *Ga.* 170 (58 S. E. 650); *Frank* v. *State,* 142 *Ga.* 741 (2, *a,* 3, *a*) (83 S. E. 645); *Mills* v. *State,* 23 *Ga. App.* 14, 17 (97 S. E. 408); Shields *v.* U. S., 273 U. S. 583 (47 Sup. Ct. 478, 71 L. ed. 787); 14 Am. Jur. 898, 899, §§ 189, 190; 23 C. J. S. 306, 1379, 1380, §§ 974 (a), 1379. The fact that a recharge is substantially the same as that previously given in the presence of the defendant, or that the charge given or the procedure taken, such as reading over testimony to the jury, might have been proper if the defendant were present (*Green* v. *State,* 43 *Ga.* 368 (5), 373; *Brannon* v. *State,* 188 *Ga.* 15 (2), 20, 2 S. E. 2d, 654), will not rectify the error, since "To say that no injury results when it appears that what occurred . . was regular and legal, would, in effect, practically do away with this great and important right." *Hopson* v. *State,* 116 *Ga.* 90 (2), 91, 92 (42 S. E. 412); *Wade* v. *State,* 12 *Ga.* 25 (2), 29. In *Carter* v. *State,* 190 *Ga.* 534 (2) (9 S. E. 2d, 747), involving a recharge to the jury during the absence of counsel, as to which the rule requiring the presence of counsel is no stricter than that requiring the presence of the defendant, and in which case the statement to the jury was no more pertinent than in the present case, it was held that

such a statement, without the presence of counsel, required a new trial. In *Roberson* v. *State,* 135 *Ga.* 654, 655 (70 S. E. 175), which was distinguished in the *Carter* decision, "counsel was voluntarily absent from the court-room without leave of the judge," and no instruction was given except as to the "forms" of the verdict.

7. "Inasmuch as a reversal will result from the error in recharging the jury in the absence of [the defendant], and as the evidence may not be the same on another trial of the case, no ruling will be made on the sufficiency of the evidence to support the verdict." *Carter* v. *State,* supra (3). Nor do the two remaining grounds raise questions likely to recur at a new trial.

*Judgment reversed. All the Justices concur.*