DAVIS *v.* THE STATE.

ATKINSON, Presiding Justice. 1. Where the court has charged upon the law of alibi and also upon the burden of proof required to establish it, it is not error, as an expression of an opinion or as being confusing, then to charge: "But whether the alibi has been established or not, the law makes it your duty to take all the evidence of alibi along with all the other evidence in the case and the statement of the defendant in determining whether or not you have a reasonable doubt of the defendant's guilt, such as I have explained to you, and if so you should acquit, otherwise you should convict." *Smith* v. *State,* 3 *Ga. App.* 803 (61 S. E. 737).

2. After charging the law of rape, that it must be accomplished by force and against the will and without the consent of the female, it was not error to charge, "but force may be exerted not only by physical violence but also by threats of serious bodily harm—[which] overpowers the female and causes her to yield against her will," there being evidence not only of force, but of threats of serious bodily harm. *Vanderford* v. *State,* 126 *Ga.* 753 (5) (55 S. E. 1025); *Berry* v. *State,* 185 *Ga.* 334 (2) (195 S. E. 172).

3. The charge as set forth in the third ground of the amended motion, in reference to the corroboration of the female, is not erroneous for any reason assigned.

4. The female having testified that the rape occurred at about ten o'clock at night, evidence that on the following morning she was "in hysterics, she couldn't talk to me or nobody," was not subject to the objection made. *Rider* v. *State,* 195 *Ga.* 656 (4) (25 S. E. 2d, 304).

5. There is no merit in the objection to a question propounded to a witness for the defendant on cross-examination.

6. The evidence was sufficient to authorize the verdict, and the trial judge did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 16745. SEPTEMBER 12, 1949.

*W. L. Nix, A. G. Liles,* and *J. Roy Merritt,* for plaintiff in error.

*Eugene Cook, Attorney-General, Hope D. Stark, Solicitor-General, Allison & Pittard,* and *Frank B. Stow, Assistant Attorney-General,* contra.