## S99A1014. BROOKS v. THE STATE.
(519 SE2d 907)

SEARS, Justice.

The appellant, Christopher Brooks, was convicted of the malice murder of Derrick Brown and of violating the Georgia Controlled Substances Act.[1] On appeal, Brooks contends, among other things, that the trial court erred by conducting a portion of his trial outside his presence, and that this error requires that his convictions be reversed. We agree, and therefore reverse Brooks's convictions.

1. Having reviewed the record in the light most favorable to the verdict, we conclude that a rational trier of fact would have been authorized to find that Brooks shot the victim during an attempt to buy drugs from him, and that the evidence is sufficient to support the convictions.[2]

2. Brooks contends that he is entitled to a new trial because a portion of his trial was conducted outside his presence. For the reasons that follow, we agree.

The record reveals that Brooks was not present at two in-chambers conferences at which the judge, the prosecutor, and Brooks's defense counsel struck prospective jurors for cause, discussed and resolved defense counsel's *Batson* challenge, and conducted a portion of the jury strikes. It is clear that Brooks had a right under the Georgia Constitution to be present at these trial proceed-

---

[1] The crimes occurred on August 25, 1994. Brooks was indicted on March 14, 1995. The jury returned its verdict of guilty on June 2, 1995, and, that same day, the trial court sentenced Brooks to life in prison for murder and to five concurrent years in prison for the violation of the Georgia Controlled Substances Act. Brooks filed a motion for new trial on June 30, 1995. The trial transcript was certified by one court reporter on August 12, 1995, and the pre-trial transcript was certified by a different court reporter on April 14, 1997. On February 9, 1999, the trial court denied Brooks's motion for new trial. Brooks filed his notice of appeal on March 10, 1999, and the record was docketed in this Court on April 8, 1999. The appeal was orally argued on June 22, 1999.

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

ings.[3] A defendant's right to be present, however, may be personally waived by the defendant or by defendant's counsel.[4] For there to be a waiver by defendant's counsel, the waiver must be made in the defendant's presence or with his express permission, or else the waiver must be subsequently acquiesced in by the defendant.[5] In the present case, the record does not support a conclusion that Brooks personally waived his right to be present or that it was waived by his counsel under any of the foregoing tests. Moreover, both this Court and the Court of Appeals have reversed numerous cases based upon the defendant's absence from parts of the trial that are comparable to the parts from which Brooks was absent in the present case.[6] Under the authority of these cases, we must reverse Brooks's conviction.

3. Brooks also contends that the trial court erred in admitting pre-autopsy photographs into evidence. More specifically, Brooks contends that the trial court admitted the photographs because it erroneously believed that it had no discretion to exclude pre-autopsy photographs on the ground that their probative value was outweighed by their prejudicial impact. Because we must reverse Brooks's conviction for the reasons given in Division 2, supra, it is unnecessary to determine whether or not the trial court in fact exercised discretion in admitting the photographs. For purposes of retrial, however, we note that pre-autopsy photographs are subject to the objection that their prejudicial impact outweighs any probative value, and that "[w]hen . . . faced with such an objection, [a trial court] must exercise its discretion in determining admissibility."[7]

4. Because of our holding in Division 2 of this opinion, we need not address Brooks's remaining contention.

*Judgment reversed. All the Justices concur, except Carley, J., who*

---

[3] See Art. I, Sec. I, Par. XII of the Georgia Constitution; *Hanifa v. State*, 269 Ga. 797, 807 (6) (505 SE2d 731) (1998); *Gilreath v. State*, 247 Ga. 814, 824 (3) (279 SE2d 650) (1981); *Wilson v. State*, 212 Ga. 73, 74 (90 SE2d 557) (1955); *Goodroe v. State*, 224 Ga. App. 378, 380 (1) (480 SE2d 378) (1997).

[4] *Wilson*, 212 Ga. at 75-78; *Locklin v. State*, 228 Ga. App. 696, 697-698 (2) (492 SE2d 712) (1997).

[5] *Wilson*, 212 Ga. at 75-78; *Locklin*, 228 Ga. App. at 697-698.

[6] See *Chance v. State*, 156 Ga. 428, 430-433 (1) (119 SE 303) (1923) (defendant absent when jury viewed evidence outside the courthouse); *Wade v. State*, 12 Ga. 25 (2) (1852) (defendant absent during rereading of evidence); *Wilson v. State*, 212 Ga. at 75-78 (defendant absent during a portion of prosecutor's argument); *Rider v. State*, 195 Ga. 656, 659-661 (6) (25 SE2d 304) (1943) and *Locklin v. State*, 228 Ga. App. at 697-698 (2) (defendant absent during recharge to the jury); *Goodroe v. State*, 224 Ga. App. 378, 380-381 (480 SE2d 378) (1997), and *Wilson v. State*, 87 Ga. 583 (13 SE 566) (1891) (defendant absent during voir dire of jury); *Fictum v. State*, 188 Ga. App. 348, 349-350 (2) (373 SE2d 54) (1988) (conviction reversed because of defendant's absence during jury selection). Compare *Gilreath v. State*, 247 Ga. at 823-824 (3) (no reversal required when the defendant was not present when the trial court administered the voir dire oath).

[7] *Hayes v. State*, 268 Ga. 809, 812 (5) (493 SE2d 169) (1997). Accord *Woods v. State*, 265 Ga. 685, 687 (3) (461 SE2d 535) (1995).

*concurs specially as to Division 3.*

CARLEY, Justice, concurring specially.

I fully concur in Divisions 1, 2 and 4 of the majority opinion. I also agree that if, upon retrial, the State tenders pre-autopsy photographs and the defendant objects on the grounds that their prejudicial impact outweighs any probative value, the trial court must exercise its discretion in determining admissibility, as the majority holds in Division 3 of the opinion, citing *Hayes v. State*, 268 Ga. 809, 812 (5) (493 SE2d 169) (1997). However, as *Hayes* itself recognizes, "[g]enerally, pre-autopsy photographs of the victim are admissible to illustrate the nature and extent of the victim's wounds . . . ." *Hayes v. State*, supra, 812 (5).

DECIDED SEPTEMBER 13, 1999.

*Gerard Kleinrock,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, J. Michael McDaniel, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.